# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE,<br><br>    Plaintiff,<br><br>    v.<br><br>MILLENNIUM ACQUISITIONS, LLC, et al.,<br><br>    Defendants. | Case No. 1:14-cv-01402-LJO-SAB<br><br>ORDER DENYING DEFENDANTS' MOTION TO FILE AMENDED ANSWER<br><br>ECF NO. 12 |

On January 21, 2015, Defendants Millennium Acquisitions, LLC and Timeless Investments, Inc. ("Defendants") filed a motion for leave to file an amended answer. Plaintiff Ronald Moore ("Plaintiff") filed an opposition on January 28, 2015. (ECF No. 14.) Defendants filed a reply on February 17, 2015. (ECF No. 15.)

The Court finds it appropriate for Defendants' motion to be submitted upon the records and briefs on file without the need for oral argument. Accordingly, the Court will vacate the hearing scheduled for February 25, 2015. For the reasons set forth below, the Court denies Defendants' motion.

## I.

## BACKGROUND

Plaintiff filed the complaint in this action on September 9, 2014. (ECF No. 1.) Plaintiff brought claims against Defendants under the Americans with Disabilities Act.

1

1  Plaintiff alleges that Defendants operate an Arco AM/PM located at 6725 North Golden
2 State Boulevard in Fresno, California.  Plaintiff alleges that he encountered barriers that
3 interfered with Plaintiff's ability to visit the business due to Plaintiff's disabilities, such as
4 uneven pavement, heavy doors, narrow pathways and items which were out of Plaintiff's reach.

5  Defendants filed their answer to Plaintiff's complaint on October 3, 2014.  (ECF No. 6.)
6 On January 21, 2015, Defendants filed the present motion seeking leave to amend their answer.
7 (ECF No. 12.)  Defendants seek to amend their answer to add an affirmative defense of "fraud."
8 The new affirmative defense alleges:

> As and for a eighteenth, separate and distinct affirmative defense, Defendant alleges that the plaintiff's business plan and operation is to sue small businesses as a plaintiff for ADA claim and that he has deliberately sought, located and sued Defendant not to redress an actual injury or barrier but to gain money by way of his ADA suits which he frequently and numerously files throughout State of California.  Therefore, Defendant claims that Plaintiff is engaged in fraud by his acts, including the lawsuit on file herein.

14 (Not. of Mot. and Mot for Leave to File a First Am. Answer by Defs. Millennium Acquisitions,
15 LLC and Timeless Investments, Inc., Ex. 1 at pg. 5:14-20.)

## II.

## LEGAL STANDARDS

18  Federal Rule of Civil Procedure 15(a)(2) states that "a party may amend its pleading only
19 with the opposing party's written consent or the court's leave.  The court should freely give leave
20 when justice so requires."  "This policy is to be applied with extreme liberality."  C.F. ex rel.
21 Farnan v. Capistrano Unified School Dist., 654 F.3d 975, 985 (9th Cir. 2011) (quoting Eminence
22 Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003)) (internal quotations omitted).

23  In determining whether to grant leave to amend, the Court considers factors should as
24 undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure
25 deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue
26 of allowance of the amendment, or futility of amendment.  Foman v. Davis, 371 U.S. 178, 182
27 (1962).  Absent prejudice, or a strong showing of any of the remaining factors, there exists a
28 presumption under Rule 15(a) in favor of granting leave to amend.  C.F. ex rel. Farnan, 654 F.3d

at 985.

## III.

## DISCUSSION

Defendants seek to amend their answer to raise an additional affirmative defense entitled "fraud." However, Defendants cite no authority, and the Court is unable to find any authority after its independent research, recognizing an affirmative defense for "fraud."

An affirmative defense is a defendant which absolves a defendant of liability even where the plaintiff states a prima facie case for recovery. Vogel v. Huntington Oaks Delaware Partners, LLC, 291 F.R.D. 438, 442 (C.D. Cal. 2013). An affirmative defense is distinguishable from an attack on a plaintiff's case-in-chief: "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002).

Defendants' proposed amendment purports to raise an affirmative defense based upon the fact that Plaintiff deliberately sought out Defendants' place of business not to redress an actual injury but to earn money via ADA lawsuits. However, Defendants cite no legal authority which recognizes a legal defense which arises from these facts.

The ADA prohibits discrimination on the basis of disability in places of public accommodation:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). Pertinent to this action, the ADA specifically prohibits the "failure to remove architectural barriers ... in existing facilities ... where such removal is readily achievable." 42 U.S.C. § 12812(b)(2)(A)(iv). "To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)).

1  Nothing in the statutory language of the ADA suggests that a plaintiff's serial ADA litigation history gives rise to a defense against ADA claims.  In Molski, the Ninth Circuit rejected the argument that ADA claims can only be brought by bona fide "clients or customers" or that a serial ADA litigant could be classified as a "business" that somehow falls outside the protection of the ADA.  Molski, 481 F.3d at 732-734.  Defendants' reply fails to cite a single case that recognizes an affirmative defense based upon fraud or based upon a plaintiff's intent to find businesses which violate the ADA for plaintiff's own profit.

The Court finds that "fraud" is not an affirmative defense to an ADA claim, particularly given the facts alleged by Defendants.  Fraud is a state law cause of action which Defendants could raise in a complaint against Plaintiff.  However, it is worth noting that the facts alleged in the proposed amended answer do not meet the elements of a fraud claim.  Defendants fail to allege any facts regarding any misrepresentation by Plaintiff.  Plaintiff never claimed that he was not a serial ADA litigator, or that he was not motivated by pecuniary gain in seeking out ADA violators.

Although the Court finds that "fraud" is not an affirmative defense, the Court also recognizes that Defendants may attack Plaintiff's case-in-chief by arguing that Plaintiff cannot meet his burden-of-proof on his claims and that Plaintiff made false factual allegations in his complaint.  Such an argument is not an affirmative defense, as it is an attack on Plaintiff's case-in-chief.  See Zivkovic, 302 F.3d at 1088.  Accordingly, it is unnecessary to amend the answer to raise an "affirmative defense" based upon such a theory.

Based upon the foregoing, the Court finds that Defendants' proposed amendments to their answer would be futile.  The futility of Defendants' proposed amendment overcomes any presumption under Rule 15 in favor of granting leave to amend.  Accordingly, the Court denies Defendants' motion seeking leave to amend their answer.

## IV.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court finds that Defendants should not be granted leave to amend their answer because their proposed amendment would be futile.  Defendants'

proposed affirmative defense based upon "fraud" has no basis in law, as Defendants have failed to identify a single case which suggests that a serial ADA litigant's motives somehow gives rise to a defense against liability in ADA actions.

Based upon the foregoing, it is HEREBY ORDERED that:

1. The hearing on Defendants' motion set for February 25, 2015 at 10:00 a.m. in Courtroom 9 (SAB) before United States Magistrate Judge Stanley A. Boone is VACATED; and

2. Defendants' motion for leave to amend their answer is DENIED.

IT IS SO ORDERED.

Dated: **February 23, 2015**

UNITED STATES MAGISTRATE JUDGE