# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE,<br><br>            Plaintiff,<br><br>    v.<br><br>MILLENNIUM ACQUISITIONS, LLC, et al.,<br><br>            Defendants. | Case No.  1:14-cv-01402-LJO-SAB |
| RONALD MOORE,<br><br>            Plaintiff,<br><br>    v.<br><br>CHASE, INC., et al.,<br><br>            Defendants. | Case No.  1:14-cv-01178-SAB<br><br>ORDER RE INFORMAL DISCOVERY DISPUTE<br><br>DEADLINE: NOVEMBER 10, 2015 |

   Plaintiff Ronald Moore filed the complaints in these actions under the Americans with Disabilities Act.  Plaintiff contends that Defendants operate public facilities and that that he encountered barriers that interfered with Plaintiff's ability to visit the businesses.  All defendants are represented by the same counsel and the instant discovery dispute is common to both actions.

   Defendants have scheduled the deposition of Plaintiff's expert medical witness. Plaintiff's expert is in New Jersey and the parties have agreed that to save costs the deposition will be conducted remotely.  The deposition will be telephonic with the expert on the East Coast

1

and counsel for the parties on the West Coast. In the deposition notice, Defendants requested that the expert produce all documents reviewed and/or relied upon to support the medical opinion. A dispute has arisen on whether the expert is required to have access to all the records that he relied on in developing his opinion during the deposition.

The parties have agreed to have the undersigned decide the current dispute for both actions. On November 6, 2015, the Court conducted an informal conference regarding the instant discovery dispute. Counsel Tanya Moore appeared telephonically for Plaintiff and counsel Ty Kharazi appeared telephonically for Defendant.

As relevant here, the Federal Rules of Civil Procedure provide that a party may notice a deposition and serve a subpoena duces tecum on the deponent. Fed. R. Civ. P. 30(b)(2). Rule 30(b)(4) provides, in relevant part, that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." "Telephone depositions create issues that in-person depositions do not, and yet telephone depositions are a presumptively valid means of discovery." Estate of Gerasimenko v. Cape Wind Trading Co., 272 F.R.D. 385, 389 (S.D.N.Y. 2011) (internal punctuation and citations omitted); see also Cressler v. Neuenschwander, 170 F.R.D. 20, 21-22 (D. Kans. 1996) (granting telephonic deposition in document intensive medical malpractice action).

Plaintiff asserts that the responsive documents numbers over 2,000 in these actions and argues that requiring the expert to produce the documents relied on in his opinion would be unduly burdensome. Plaintiff states that the expert would be required to print and bring to the deposition boxes of documents which are already in Defendants' possession. Plaintiff requests that Defendants provide all documents that Defendants intend to question the expert about prior to the deposition. Plaintiff contends that Defendants are properly required to produce the documents and this will reduce confusion regarding what document is being referenced during the deposition.

Defendants state that Plaintiff has provided a compact disk containing copies of the medical records that were subpoenaed. These records appear to have been reviewed by the expert in coming to his opinion. Defendants argue that they have agreed that the doctor can

bring a laptop or other electronic means to the hearing and the compact disk of the records so they can all review the documents during the deposition. Defendant contends that Plaintiff is basically asking for them to provide the expert with their questions in advance of the deposition.

The only issue currently before the Court in this discovery dispute is whether the expert is required to bring the documents he relied on in coming to his opinion to the deposition. Plaintiff argues that Defendants have Plaintiff's medical records because they have subpoenaed them from his medical providers. Regardless of whether Defendants have already obtained medical records they are entitled to subpoena those documents the doctor relied on. Defendants do not have to guess which documents the doctor reviewed and relied on in coming to his opinion. See Koninklijke Philips Electronics N.V. v. KXD Technology, Inc., No. 2:05-cv-01532-RLH-GWF, 2:06-cv-00101-RLH-GWF, 2007 WL 631950, at *6 (D. Nev. February 26, 2007) (party was required to produce documents that were relevant regardless of whether the documents had been obtained by the requesting party by other means); Puccio v. Sclafani, 12-61840-CIV, 2013 WL 4068782, at *2 (S.D. Fla. August 12, 2013) (fact that a party's counsel may already possess documents does not excuse the responding party from fully responding to the discovery request).

While the Court finds that the manner in which the parties intend to proceed in this deposition may create issues as to the specific documents that are being referenced, this can be resolved by having the documents on the compact disk merged into a single file and consecutively bate stamped to avoid confusion. Accordingly the Court shall order Defendant to merge the documents and have them consecutively bate stamped. This electronic file shall be provided to Plaintiff's counsel and the expert by **Tuesday, November 10, 2015**.

Since the documents are accessible by electronic means it appears reasonable to require the expert to have access to the entire file electronically during the deposition. Additionally, since these documents have been provided as an electronic file, there is no basis to Plaintiff's position that it would be unduly burdensome to require the expert to have access to the entire file at the hearing. The expert shall have the records available during the deposition, it is his choice whether to bring the printed documents to the deposition or electronic means to review the

electronic file provided by Defendants.

Finally, there is currently a motion to compel set for oral argument on November 18, 2015, in <u>Moore v. Millennium Acquisitions, LLC</u>, No. 1:14-cv001402-LJO-SAB. Upon inquiry of the status of the dispute during this informal teleconference, Defendant offered to make the deponent available to be deposed a second time this coming week. If the parties are able to resolve the outstanding motion to compel, they shall notify the Court by close of business on **Tuesday, November 10, 2015**.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants shall provide an electronic file of Plaintiff's medical records that are consecutively bate stamped to Plaintiff and Plaintiff's expert by November 10, 2015;

2. Plaintiff's expert shall appear for the noticed deposition with the documents reviewed and/or relied upon to support his medical opinion;

3. The parties shall notify the Court by November 10, 2015 if they are able to resolve the motion to compel filed October 19, 2015; and

4. Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: **November 6, 2015**

UNITED STATES MAGISTRATE JUDGE