1  Tanya E. Moore, SBN 206683
   MOORE LAW FIRM, P.C.
2  332 North Second Street
   San Jose, California 95112
3  Telephone (408) 298-2000
   Facsimile (408) 298-6046
4  Email: tanya@moorelawfirm.com

5  Attorneys for Plaintiff
   Ronald Moore

6

7

8              UNITED STATES DISTRICT COURT

9             EASTERN DISTRICT OF CALIFORNIA

10

11  RONALD MOORE,                        )  No. 1:14-cv-01402-DAD-SAB
                                         )
12           Plaintiff,                  )  **PLAINTIFF'S MEMORANDUM OF**
                                         )  **POINTS AND AUTHORITIES IN**
13       vs.                             )  **SUPPORT OF HIS MOTION FOR**
                                         )  **SUMMARY JUDGMENT OR, IN THE**
14  MILLENNIUM ACQUISITIONS, LLC, et al.,)  **ALTERNATIVE, SUMMARY**
                                         )  **ADJUDICATION**
15           Defendants.                 )
                                         )
16                                       )  Date:        January 19, 2016
                                         )  Time:        9:30 a.m.
17                                       )  Courtroom: 5 (Fresno Courthouse)
                                         )  Honorable Dale A. Drozd
18                                       )
19                                       )
20                                       )
21  _____ )

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Summary of Motion .................................................................................................1

Argument ...............................................................................................................2

    I.     The Gas Station has two convenience stores which operate in the
same building, on the same parcel, are owned and operated by
Defendants, and therefore constitute a "facility" that must be
made accessible to Plaintiff ...........................................................2

    II.    Legal standard for summary judgment/adjudication ........................4

    III.   Legal standard for prevailing under the ADA ..................................4

        A.    Plaintiff is disabled .............................................................5

             1.    Facts establishing Plaintiff's disability .....................5

             2.    Because Plaintiff is substantially limited in his
ability to walk, he is disabled under the ADA ...........6

        B.    The Gas Station is a place of public accommodation ...........8

        C.    The Gas Station has architectural barriers relating to
Plaintiff's disability which violate the ADA .........................8

             1.    The ADAAG is the standard used to determine
whether barriers to Plaintiff's full and equal
access exist at the Gas Station in violation of the ADA ............8

             2.    The standards identified in the 1991 ADAAG apply
to the Gas Station to determine if the ADA has been
violated, although the new 2010 Standards will
apply for any injunctive relief ordered.......................9

             3.    Plaintiff is entitled to an injunction requiring the
removal of the barriers he personally encountered .................10

             4.    Plaintiff is also entitled to an injunction requiring
the removal of all barriers which remain at the
Gas Station ...........................................................12

    IV.   Defendants' failure to comply with ADAAG entitles Plaintiff to
injunctive relief under the ADA ...................................................21

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Page i

V.     Plaintiff will be harmed in the future if the Gas Station is not made
       accessible to him ........................................................................22

VI.    Defendants are jointly and severally liable for barrier removal
       under the ADA ...........................................................................22

VII.   Plaintiff is entitled to injunctive relief under California law as well ...............23

       A.     Applicable standards for injunctive relief under
              California law.....................................................................23

       B.     Violations of California law which entitle Plaintiff to an
              injunction for his claims at FAC ¶¶ 10(b) and 10(e) ...........................24

              1.     FAC ¶ 10(b) – operating pressure of south convenience
                     store entrance ........................................................24

              2.     FAC ¶ 10(e) – centerline of sink in north convenience
                     store men's restroom .................................................24

VIII.  Plaintiff is entitled to statutory damages under California law.......................25

Conclusion ...................................................................................25

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Page ii

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)..................................................................................... 4

*Antoninetti v. Chipotle Mexican Grill, Inc.*,
    614 F.3d 971 (9th Cir. 2010) ....................................................................... 9

*Botosan v. Paul McNally Realty*,
    216 F.3d 827 (9th Cir. 2000) ..................................................................... 22

*Brady v. Brown*,
    51 F.3d 810 (9th Cir. 1995) ....................................................................... 23

*Bragdon v. Abbott*,
    524 U.S. 624 (1998)..................................................................................... 7

*Californians for Disability Rights v. Mervyn's LLC*,
    165 Cal. App. 4th 571 (Cal. App. 1st Dist. 2008).................................... 23

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)..................................................................................... 4

*Chapman v. Pier One Imports (U.S.), Inc.*,
    631 F.3d 939 (9th Cir. 2011) ............................................... 8, 9, 13, 21

*Colo. Cross Disability Coalition v. Hermanson Family Ltd. Pshp.*,
    264 F.3d 999 (10th Cir. 2001) ..................................................................... 9

*People ex rel. Deukmejian v. CHE, Inc.*,
    150 Cal. App. 3d 123 (1983) ..................................................................... 23

*Enlow v. Salem-Keizer Yellow Cab Co.*,
    389 F.3d 802 (9th Cir. 2004) ..................................................................... 10

*Jankey v. Lee*,
    55 Cal. 4th 1038 (2012) ............................................................................ 25

*Kohler v. Bed Bath & Beyond of Cal., LLC*,
    780 F.3d 1260 (9th Cir. Mar. 24, 2015)................................................... 23

*Kohler v. Flava Enters.*,
    779 F.3d 1016 (9th Cir. 2015) ................................................................... 10

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Page iii

*Moeller v. Taco Bell Corp.*,
    220 F.R.D. 604 (N.D. Cal. 2004) ...................................................................... 23

*Molski v. M.J. Cable, Inc.*,
    481 F.3d 724 (9th Cir. 2007) ......................................................................... 5

*Oliver v. Ralphs Grocery Co.*,
    654 F.3d 903 (9th Cir. 2011) ....................................................................... 22

*Pickern v. Best Western Timber Cove Lodge Marina Resort*,
    2002 U.S. Dist. LEXIS 1709 (E.D. Cal. Jan. 17, 2002) .................................... 24

*Pickern v. Pier 1 Imps. (U.S.), Inc.*,
    457 F.3d 963 (9th Cir. 2006) ......................................................................... 4

*Rodriguez v. Barrita, Inc.*,
    2012 U.S. Dist. LEXIS 91749 (N.D. Cal. Feb. 29, 2012) ................................. 24

*Wilson v. Haria & Gogri Corp.*,
    479 F. Supp. 2d 1127 (E.D. Cal. 2007) ..................................................... 7, 10

**Statutes**

28 U.S.C. § 1367 ................................................................................................. 23

42 U.S.C. § 12101 Note, Findings and Purposes of ADA Amendments Act of
    2008 ............................................................................................................. 7

42 U.S.C. § 12102(2) ........................................................................................... 6

42 U.S.C. § 12102(4) ........................................................................................... 7

42 U.S.C. § 12181(7)(E) ....................................................................................... 8

42 U.S.C. § 12181(7)(F) ....................................................................................... 8

42 U.S.C. § 12181(9) ............................................................................................ 9

42 U.S.C. § 12182(2)(A)(iv) .................................................................................. 9

42 U.S.C. § 12182(a) ........................................................................................ 4, 5

42 U.S.C. § 12182(b)(1)(A)(i) .............................................................................. 22

42 U.S.C. § 12182(b)(2)(A)(iv) .............................................................................. 5

42 U.S.C. § 12182(b)(2)(A)(v) ............................................................................... 9

42 U.S.C. § 12183 ................................................................................................ 3

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

42 U.S.C. § 12183(a)(1) ............................................................................... 9

42 U.S.C. § 12188(a) ................................................................................... 5

42 U.S.C. § 12188(a)(2) ............................................................................... 8

Cal. Civ. Code § 51 ...................................................................................... 1

Cal. Civ. Code § 52 ............................................................................... 1, 25

Cal. Civ. Code § 55.56 ............................................................................... 25

Cal. Gov't Code § 4450 .............................................................................. 23

Cal. Health & Safety Code § 19956 ....................................................... 1, 23

Cal. Health & Safet Code § 19959 ............................................................ 23

**Other Authorities**

28 C.F.R. Part 36 App. A ......................................................................... 8, 9

28 C.F.R. Pt. 36, App. A, § 3.4 ................................................................... 3

28 C.F.R. § 36.104 ...................................................................................... 6

28 C.F.R. § 36.304 .................................................................................... 10

28 C.F.R. § 36.304(d)(2)(ii)(B) ................................................................. 10

Federal R. Civ. P. 56 ................................................................................... 4

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Page v

1

**Summary of Motion**

2      Plaintiff, Ronald Moore ("Plaintiff"), suffers from hydrocephalus (excess fluid in the

3 brain) which causes a lack of balance, as well as degenerative disc disease which causes him a

4 great deal of pain. As a result of these conditions, Plaintiff is substantially limited in his ability

5 to walk and uses a wheelchair when travelling about in public, as well as a cane for very short

6 distances.

7      Plaintiff brought this action after he visited the Arco AM/PM gas station and

8 convenience stores located at 6725 North Golden State Boulevard in Fresno ("the Gas Station")

9 in April 2014, where he encountered quite a few conditions that prevented his full and equal

10 access (referred to hereafter as "barriers") as a result of his use of a wheelchair. In addition to

11 the barriers personally encountered by Plaintiff, he has, through discovery, identified other

12 barriers which exist at the Gas Station and relate to his disability. Plaintiff therefore amended

13 his complaint to seek the removal of not only those barriers he personally encountered, but all

14 barriers relating to his disability so that the Gas Station will be fully accessible to him.

15      By his motion, Plaintiff seeks judgment requiring that defendants, Millennium

16 Acquisitions, LLC ("Millennium") and Timeless Investments, Inc. ("Timeless," and together

17 with Millennium, collectively referred to at times as "Defendants"), who own and operate the

18 Gas Station, remove all barriers to his full and equal access to the Gas Station as required by

19 Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12189 ("ADA"); the

20 California Unruh Civil Rights Act, Cal. Civ. Code § 51, et seq. ("Unruh Act"); and California

21 Health and Safety Code sections 19955, et seq. Plaintiff also seeks minimum statutory damages

22 of $4,000 under California Civil Code section 52(a) for Defendants' violation of the Unruh Act

23 that resulted in his experiencing difficulty and discomfort due to Defendants' violation of the

24 ADA in failing to remove the barriers Plaintiff encountered during his visit.

25

26

27

28

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Page 1

Argument

**I.    The Gas Station has two convenience stores which operate in the same building, on the same parcel, are owned and operated by Defendants, and therefore constitute a "facility" that must be made accessible to Plaintiff.**

The Gas Station has two convenience stores within one building – one on the north side, and one on the south side. Decl. of Plaintiff's Expert, Michael Bluhm ("Bluhm Decl."), ¶ 9. Following are Google Map images showing the building and surrounding common areas:





Request for Judicial Notice ("RFJN") Nos. 1 and 2. One entrance to the south side convenience store is shown in the photograph above just to the left of the wall-mounted pay phones and near the accessible parking spaces (shown by the blue signs), and the entrance to the north side

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Page 2

convenience store is just under the AM/PM logo on the right of the above photograph. Bluhm Decl., ¶ 9, Exh. 2; Decl. of Plaintiff, Ronald Moore ("Pl's Decl."), ¶ 2, Exh. A. Both the building and the common areas are located within the same parcel as shown in the following image:



RFJN, Nos. 3 and 4.

When Plaintiff visited the Gas Station, he attempted to enter the south convenience store, but was unable to open the door because it was too heavy. Pl's Decl., ¶ 2. His grandson alerted him to another entrance with automatic doors, so Plaintiff wheeled to that entrance and inside the north convenience store. Pl's Decl. ¶ 2. Plaintiff believed both convenience stores were part of the Arco AM/PM facility. Pl's Decl., ¶ 3.

The ADA requires that "facilities" be constructed in such a manner that they are readily accessible to persons with disabilities. 42 U.S.C. § 12183. A "facility" is defined by the ADA's implementing regulations as "all or any portion of buildings, structures, site improvements, complexes, equipment, roads, walks, passageways, parking lots, or other real or personal property located on a site." Department of Justice's ADA Accessibility Guidelines ("ADAAG"), 28 C.F.R. Pt. 36, App. A, § 3.4 (Definitions). A "site" is defined as "a parcel of land bounded by a property line or a designated portion of a public right-of-way." *Id.* "According to the

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Page 3

Department of Justice's ("DOJ") regulations implementing the ADA, '[t]he definition of 'facility' only includes the site over which the private entity may exercise control or on which a place of public accommodation or a commercial facility is located.'" *Pickern v. Pier 1 Imps. (U.S.), Inc.*, 457 F.3d 963, 966-67 (9th Cir. 2006) (citing the Department of Justice Preamble to Regulation on Nondiscrimination of the Basis of Disability by Public Accommodations and in Commercial Facilities, 28 C.F.R. pt. 36, App. B at 681 (2005)).

Both the north and south convenience stores (Defendants inexplicably refer to the south convenience store as a "truck stop," although neither their expert, Plaintiff's expert, or Plaintiff perceived it as such), as well as the common areas, are owned and operated by Defendants. Declaration of Tanya E. Moore ("Moore Decl."), ¶ 5, Exh. D (Timeless Depo.) at 19:5-13. As set forth above, the stores are both in the same building, and are on the same parcel. Therefore, they constitute a "facility" that must be made accessible.

**II.      Legal standard for summary judgment/adjudication.**

Federal Rule of Civil Procedure 56 authorizes judgment as to "all or any part of" a claim upon showing that there is no genuine issue of material fact as to that particular claim. A motion under Rule 56 pierces the pleadings and puts the opponent to the test of affirmatively coming forward with sufficient evidence in support of its claims to create a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Whether an issue is "material" is determined by the "substantive law's identification of what facts are critical and what facts are irrelevant." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Whether a dispute is "genuine" is a determination for a judge who must ask whether a reasonable jury could return a verdict for the non-moving party. *Id.* at 248-250.

**III.     Legal standard for prevailing under the ADA**

Under Title III of the ADA:  "No individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). In order to prevail under the ADA, the following elements must be satisfied:

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Page 4

1.   Plaintiff must be disabled within the meaning of the ADA. 42 U.S.C. § 12182(a).

2.   The subject facility must be a place of public accommodation and therefore governed by Title III of the ADA. 42 U.S.C. § 12182(a).

3.   The subject facility must have an architectural barrier. 42 U.S.C. § 12182(b)(2)(A)(iv).

4.   The plaintiff must have actual knowledge of the architectural barrier precluding his full and equal access to the facility. 42 U.S.C. § 12188(a).

*See also, Molski v. M.J. Cable, Inc.,* 481 F.3d 724, 730 (9th Cir. 2007) (explaining standard). Each requirement will be discussed in turn.

**A.   Plaintiff is disabled**.

**1.   Facts establishing Plaintiff's disability.**

Plaintiff suffers from hydrocephalus ("water on the brain"), degenerative disc disease, and chronic pain syndrome. Pl's Decl., ¶ 4; Declaration of Expert Mark D. Levin, M.D. ("Levin Decl."), ¶¶ 7-14. Plaintiff's doctor confirmed these diagnoses on August 13, 2007 in a letter to Plaintiff. Pl's Decl., ¶ 5, Exh. B. As a result, Plaintiff began using a wheelchair for mobility in about 2005. Pl's Decl., ¶ 4.

Plaintiff does not have the ability to walk without wobbling and the risk of falling. Pl's Decl., ¶ 4. During rare occasions when he tries to walk very short distances, Plaintiff requires the assistance of someone to stabilize him to prevent him from falling. Pl's Decl., ¶4. Plaintiff does on occasion walk short distances without any assistance, but doing so both causes him a great deal of pain, as well as creates a risk that he will fall. Pl's Decl., ¶ 4. Plaintiff also uses a cane at times when he is not using his wheelchair, such as to travel to and from his vehicle's driver's seat to and from the rear of his vehicle to offload his wheelchair. Pl's Decl., ¶ 4. The California Department of Motor Vehicles has issued a disabled persons placard to Plaintiff, which placard permits Plaintiff to park in parking spaces designated for use by persons with disabilities. Pl's Decl., ¶ 6, Exh. C.

Defendants also elicited testimony from their witness, Lynn Moore. Moore Decl., ¶ 3, Exh. B (Lynn Moore Depo.) at pp. 1-4. Plaintiff and Ms. Moore were married in 1977, and

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Page 5

1   remained married and living together until Mother's Day 2014 when Ms. Moore moved out of

2   the community home and separated from Plaintiff. Moore Decl., Exh. B at 8:21-9:2. Ms. Moore,

3   who lived with Plaintiff for approximately 37 years, testified that Plaintiff first became disabled

4   in approximately 2001 when he began having difficulty walking and employers believed as a

5   result that he was drunk, although he was not drinking. Moore Decl., Exh. B at 12:7-12:19.

6   While Ms. Moore lived with Plaintiff, over the years Plaintiff began needing to use the walls

7   and a cane for stability to ambulate around their home. Moore Decl., Exh. B at 14:7-11. Plaintiff

8   and Ms. Moore had modifications done to their home to assist Plaintiff, such as redoing the

9   shower to include a seat so that Plaintiff could sit while bathing himself, and installing a grab

10  bar at the toilet to assist Plaintiff in using the toilet. Moore Decl., Exh. B at 14:12-23. Ms.

11  Moore testified that when she separated from Plaintiff, Plaintiff was still disabled, and she

12  believed he would never been symptom-free. Moore Decl., Exh. B at 16:21-17:11. Ms. Moore

13  testified that Plaintiff could not walk more than 20 feet without needing his wheelchair. Moore

14  Decl., Exh. B at 19:4-24. When Ms. Moore and Plaintiff would attend their grandchildren's

15  sporting events, Plaintiff would need someone to push him in his wheelchair through the grass

16  because it was too difficult for him to wheel through on his own. Moore Decl., Exh. B at 20:14-

17  21:1. Plaintiff also regularly expressed his frustration to his wife about businesses that were not

18  accessible to him. Moore Decl., Exh. B at 29:20-30:4.

19       As a result of his medical conditions, Plaintiff is substantially limited in his ability to

20  walk. Pl's Decl., ¶ 4; Levin Decl., ¶¶ 7-14.

21       **2.       Because Plaintiff is substantially limited in his ability to walk, he is**

22       **disabled under the ADA.**

23       The ability to walk is expressly defined by the ADA as a major life activity. 42 U.S.C. §

24  12102(2); 28 C.F.R. § 36.104. The ADA defines "disability" as follows:

25       (A) a physical or mental impairment that substantially limits one or more of the major
         life activities of such individual;
26       (B) a record of such an impairment; or
27       (C) being regarded as having such impairment.

28  42 U.S.C. § 12102(2).

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Congress requires broad rules of construction for the definition of "disability":

Rules of construction regarding the definition of disability. The definition of "disability" in paragraph (1) shall be construed in accordance with the following:

  (A) The definition of disability in this Act shall be <u>construed in favor of broad coverage of individuals under this Act</u>, to the maximum extent permitted by the terms of this Act.
…
  (D) An impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active.

42 U.S.C. § 12102(4) (emphasis added).

As a person who must use a wheelchair, cane or the assistance of others for safe mobility, Plaintiff is a person with a disability as contemplated and defined by the ADA. Further, in amending the ADA in 2008, Congress sought in part specifically:

  . . . to convey that it is the intent of Congress that the primary object of attention in cases brought under the ADA should be <u>whether entities covered under the ADA have complied with their obligations</u>, and to convey that <u>the question of whether an individual's impairment is a disability under the ADA should not demand extensive analysis</u>.

42 U.S.C. § 12101 Note, Findings and Purposes of ADA Amendments Act of 2008, Pub. L. 110-325, § 2, Sept. 25, 2008, 122 Stat. 3553 ADA Amendments Act of 2008 (emphasis added).


It is beyond question that the need to use a wheelchair, cane, or the assistance of others to ambulate safely qualifies Plaintiff as disabled under the ADA. "[G]iven that plaintiff is unable to walk without the use of a mobility aid (e.g., wheelchair or cane), there is no genuine dispute that he is disabled within the meaning of the ADA." *Wilson v. Haria & Gogri Corp.*, 479 F. Supp. 2d 1127, 1133 (E.D. Cal. 2007).

The Supreme Court has furthered clarified that just because an individual could choose at times to walk, he is still disabled. "In the end, the disability definition does not turn on personal choice. When significant limitations result from the impairment, the definition is met even if the difficulties are not insurmountable." *Bragdon v. Abbott*, 524 U.S. 624, 641 (1998). Plaintiff is significantly limited in his ability to walk, and is therefore disabled as contemplated by the ADA.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Page 7

**B.    The Gas Station is a place of public accommodation**.

The ADA expressly identifies a "gas station" as a public accommodation. 42 U.S.C. § 12181(7)(F). It also identifies any "sales establishment" as a public accommodation. 42 U.S.C. § 12181(7)(E). Because the subject property is both a gas station and has two convenience stores, it is clearly a public accommodation.

**C.    The Gas Station has architectural barriers relating to Plaintiff's disability which violate the ADA**.

**1.    The ADAAG is the standard used to determine whether barriers to Plaintiff's full and equal access exist at the Gas Station in violation of the ADA.**

The Americans with Disabilities Act Accessibility Guidelines ("ADAAG"), found at 28 C.F.R. Part 36 App. A, has been held by the Ninth Circuit to provide the "objective contours of the standard that architectural features must not impede disabled individuals' full and equal enjoyment of accommodations." *Chapman v. Pier One Imports (U.S.), Inc.,* 631 F.3d 939, 945 (9th Cir. 2011). Barriers have been defined by the Department of Justice as "any element in a facility that does not meet or exceed the requirements set forth in [ADAAG]." *Id.* at 945 (quoting *Pascuiti v. N.Y. Yankees*, 87 F. Supp. 2d 221, 225 (S.D.N.Y. 1999) (quoting a letter from the Department of Justice).) Accordingly, a violation of the provisions of ADAAG constitutes a barrier under the ADA. "The ADAAG's requirements are as precise as they are thorough, and the difference between compliance and noncompliance with the standard is often a matter of inches." *Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d at 945-946. Violations of Title III of the ADA entitle a plaintiff to an "order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." 42 U.S.C. § 12188(a)(2). A violation is, in fact, a barrier. The inquiry does not turn upon whether or not the barrier actually precluded access, but only whether there exists a violation of the ADAAG:

> Under the ADA, when a disabled person encounters an accessibility barrier violating its provisions, it is not necessary for standing purposes that the barrier completely preclude the plaintiff from entering or from using a facility in any way . . . Rather, the barrier need only interfere with the plaintiff's "full and equal enjoyment" of the facility.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Page 8

1  *Chapman v. Pier One Imports (U.S.) Inc.,* 631 F.3d at 947.

2  **2.  The standards identified in the 1991 ADAAG apply to the Gas**
3  **Station to determine if the ADA has been violated, although the new**
4  **2010 Standards will apply for any injunctive relief ordered.**

5  The Gas Station was built in 2000. Moore Decl., ¶ 7, Exh. F (Timeless Response to

6  Plaintiff's Interrogatory No. 1). The ADA provides that businesses built after January 26, 1993

7  must comply with the new construction standards identified in ADAAG. 42 U.S.C. §

8  12183(a)(1); *Antoninetti v. Chipotle Mexican Grill, Inc*., 614 F.3d 971, 976 (9th Cir. 2010) (new

9  construction and alterations must comply with ADAAG). Therefore, the new construction

10  standards identified in the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R.

11  Part 36, App. A ("ADAAG"), apply to the Gas Station for purposes of determining whether a

12  violation of the ADA existed at the time of Plaintiff's visit to the Gas Station, and whether any

13  violations of the ADA continue to exist. Further, the north convenience store was fully

14  remodeled as an Arco AM/PM in 2009. Moore Decl., ¶ 5, Exh. D at 28:8-29:13. Thus, both the

15  date of construction and alterations fall within the requirements of new construction under the

16  1991 ADAAG.

17  Additionally, even if the Gas Station (or any element or portion thereof) was not a new

18  construction, but instead an "existing facility," Defendants would be required to remove

19  "architectural barriers . . . where such removal is readily achievable." 42 U.S.C. §

20  12182(2)(A)(iv) (application of barrier removal obligations to existing facilities, i.e., those that

21  were built before January 26, 1993). "Readily achievable" is defined as "easily accomplishable

22  and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). If a public

23  accommodation can demonstrate that barrier removal is, in fact, not readily achievable, then it is

24  a violation of the ADA for the entity to fail "to make such goods, services, facilities, privileges,

25  advantages, or accommodations available through alternative methods if such methods are

26  readily achievable." 42 U.S.C. § 12182(b)(2)(A)(v). Accordingly, "read together, subsections

27  (iv) and (v) provide an affirmative defense for an entity." *Colo. Cross Disability Coalition v.*

28  *Hermanson Family Ltd. Pshp.*, 264 F.3d 999, 1002 (10th Cir. 2001). Therefore, whether barrier

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Page 9

1  removal is readily achievable must be pled as an affirmative defense. However, Defendants

2  have not pled such an affirmative defense. Dkt. 20 (Answer to FAC).

3       Failure to plead an affirmative defense results in a waiver of that defense. *Enlow v.*

4  *Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 819 (9th Cir. 2004). Where a defendant in an

5  ADA Title III action does not plead that barrier removal is not readily achievable, it has waived

6  the defense. *Wilson v. Haria & Gogri Corp.*, 479 F. Supp. 2d at 1133 ("[D]efendant has failed

7  to plead that barrier removal is not readily achievable in its answer. Accordingly, the defense is

8  waived."). Therefore, regardless of whether the Gas Station is an existing facility or a new

9  construction, the 1991 ADAAG applies to it both for determining whether or not a barrier to

10  Plaintiff's full and equal access existed at the time of his visit (which will determine damages),

11  as well as whether any barriers remain (which determines whether an injunction should issue).

12       On March 15, 2012, new federal accessibility standards for alterations and new

13  construction went into effect, known as the 2010 ADA Standards for Accessible Design ("2010

14  Standards"). 28 C.F.R. § 36.304(d)(2)(ii)(B); *Kohler v. Flava Enters.,* 779 F.3d 1016, 1019 (9th

15  Cir. 2015). Alterations to facilities undertaken after March 15, 2012 must comply with the 2010

16  ADA Standards for Accessible Design. 28 C.F.R. § 36.304. Therefore, if conditions continue to

17  exist at the Gas Station in violation of the 1991 ADAAG, the injunctive relief ordered requiring

18  that the barriers be removed must require the alterations (i.e., the removal of the barrier) to

19  comply with the 2010 Standards.

20       **3.    Plaintiff is entitled to an injunction requiring the removal of the**

21            **barriers he personally encountered.**

22       On April 6, 2014, Plaintiff visited the Gas Station with his minor grandson to use the

23  restroom and buy food and beverages. Pl's Decl., ¶ 7, Exh. D (receipt from visit). Plaintiff

24  parked in a parking space designated as accessible, and offloaded to his wheelchair. A curb

25  ramp led from the parking to the sidewalk, but Plaintiff encountered cracked and uneven

26  pavement at the base of the ramp and within the access aisle that made travel in his wheelchair

27  very difficult because his wheels would not easily roll over the abrupt changes in level. Pl's

28  Decl., ¶ 8. Plaintiff's expert confirmed that there exist changes in level at the base of the curb

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Page 10

1   ramp in excess of one-quarter inch with no beveling. Bluhm Decl., ¶ 11, Exhs. 3-5. ADAAG §

2   4.5.2 provides that there can be no changes in level greater than one-quarter inch without

3   beveling.

4          Plaintiff attempted to enter the south convenience store which entrance was closest to

5   the accessible parking space and the entrance which was most visible from the top of the curb

6   ramp. Pl's Decl., ¶ 9. However, as set forth above, when he tried to open the door to the south

7   convenience store, Plaintiff found that it was too heavy and difficult to open. Plaintiff's expert

8   confirmed that the operational pressure of the entrance to the south convenience store measures

9   7 pounds for one leaf, and 9 pounds for the other leaf. Bluhm Decl., ¶ 12, Exhs. 6-7. 2007

10  California Building Code ("CBC") section 1133B.2.5[1] requires that exterior entrance doors not

11  exceed five pounds of operational pressure. Plaintiff's grandson advised Plaintiff that there was

12  another entrance down the sidewalk that had automatic doors, so Plaintiff wheeled over to that

13  entrance and into the north convenience store. Pl's Decl., ¶ 9.

14         Once inside the Gas Station convenience store, Plaintiff went to use the restroom, but

15  found that the men's restroom door was extremely heavy and difficult to open. Pl's Decl., ¶ 10.

16  Plaintiff's expert confirmed that the men's restroom door requires approximately 10 pounds of

17  operational pressure and is hinged. Bluhm Decl., ¶ 16, Exh. 11. ADAAG § 4.13.11 provides

18  that interior hinged doors shall not require more than five pounds of operational pressure.

19         After using the restroom, Plaintiff went to wash his hands, but found that there was little

20  room for him to position himself in front of the sink, and that reaching the soap was difficult.

21  Pl's Decl., ¶ 11. Plaintiff's expert confirmed that the distance from the partition/wall to the

22  centerline of the sink is just over 16 inches. Bluhm Decl., ¶ 17, Exh. 13. 2007 CBC section

23  1115B.4.3 requires that the distance from the side wall to the centerline of the sink be no less

24  than 18 inches. Plaintiff's expert also confirmed that the operable portion of the soap dispenser

25  is 52 inches from the floor, and must be reached over the sink counter which is 24 inches in

26

27  _____

    [1] The California Building Code accessibility requirements are found at Title 24 of the California Code
    of Regulations, part 2, Chapter 11B. Because the Facility was altered in 2009, the 2007 CBC applies,
28  although all versions of the CBC have the same requirement (including the 2013 CBC). The application
    of the CBC to Plaintiff's request for injunctive relief is discussed at section VII below.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Page 11

depth. Bluhm Decl., ¶ 17, Exh. 12. ADAAG § 4.2.5 (fig. 5b) requires that the maximum height be 44 inches when reaching over an obstruction measuring 20-25 inches in depth.

Once he was done in the restroom, Plaintiff went to purchase a hot dog from the food warmers. However, he found that he could not reach the hot dog, and had to have his grandson get it for him. Pl's Decl., ¶ 12. Plaintiff's expert confirmed that the height of the top tier of the food warmers is just over 50 inches. Bluhm Decl., ¶ 15, Exhs. 9-10. ADAAG § 4.2.5 requires that the maximum height be 48 inches. Once he had his hot dog, Plaintiff wanted to put mustard on it. He wheeled over to the condiment pumps, but found that he could not reach the dispenser because it was too high, and therefore had to have his grandson put the mustard on his hot dog for him. Pl's Decl., ¶ 12. Plaintiff's expert confirmed that the height of the condiment pumps is 50-3/4 inches from the floor. Bluhm Decl., ¶ 14, Exh. 8. ADAAG § 4.2.5 requires that the maximum height of the operating controls of an element not exceed 48 inches. Plaintiff also wanted a cup of coffee, but the coffee was located outside of his reach as well, so he had to have his grandson get coffee for him. Pl's Decl., ¶ 12.

Plaintiff wanted to consume the hot dog and drink he purchased at the Gas Station convenience store, but although two outdoor tables were provided, none were accessible; the tables had built in benches without extensions at the end, and therefore did not provide any room to accommodate a wheelchair. Pl's Decl., ¶ 13; Declaration of Geoshua Levinson, ¶ 2, Exh. A. ADAAG § 4.32.3 requires knee clearances at tables of at least 27 inches in height, 30 inches in width and 19 inches in depth. Plaintiff was therefore forced to sit askew to a table and eat uncomfortably. Pl's Decl., ¶ 13.

**4.      Plaintiff is also entitled to an injunction requiring the removal of all barriers which remain at the Gas Station.**

Plaintiff must have "actual knowledge" of the barriers alleging to impede his ability to fully and equally access the Gas Station. Plaintiff has reviewed the report prepared by his expert, Michael Bluhm, listing all the barriers he seeks to have removed, and he now has knowledge of such barriers. Pl's Decl., ¶ 14. All the barriers he seeks to have removed relate to his disability. Pl's Decl., ¶ 14 (a)-(r).

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Page 12

An ADA plaintiff need not personally encounter each barrier related to his disability in order to have it removed: "[W]e hold that an ADA plaintiff who establishes standing as to encountered barriers may also sue for injunctive relief as to unencountered barriers related to his disability." *Chapman v. Pier One Imports (U.S.) Inc.,* 631 F.3d at 944. Thus, as long as it is established that Plaintiff personally encountered at least one barrier, he has standing to have all other barriers relating to his use of a wheelchair removed from the Store.

Plaintiff alleged in his First Amended Complaint ("FAC"), and has testified in his declaration submitted herewith at greater length, what barriers he personally encountered. FAC, ¶ 10; Pl's Decl., ¶¶ 7-13. Because Plaintiff personally encountered barriers to his full and equal access, he is entitled to have all barriers related to his disability removed from the Store.

Following is an identification of the claims at paragraphs 10 and 11 of the FAC for injunctive relief sought by Plaintiff under the ADA (injunctive relief sought under California law is discussed separately below). Where Plaintiff has waived a claim, he so indicates. The claims track their identification in the FAC, namely paragraphs 10(a) through (h), and 11(a) through 11(ee) which constitute the factual basis for his claims injunctive relief.

| Claim in FAC | Conditions Which Exist at the Gas Station | 1991 ADAAG Requirement(s) | 2010 Standards Requirement(s) |
|---|---|---|---|
| **FAC ¶ 10(a):** "The bottom portion of the ramp from the parking lot to the sidewalk leading to the entrance of the Facility was cracked and uneven, with a ditch that had been filled with cement. It was difficult for Plaintiff to maneuver over this surface." | The access aisle contains broken concrete in the area where it meets the curb ramp which creates a vertical change of 5/16" which is not beveled.  Bluhm Decl., ¶ 11, Exhs. 4-5. | § 4.5.2: Changes in level up to 1/4 in may be vertical and without edge treatment | § 303.2: Changes in level of 1/4 inch high maximum shall be permitted to be vertical. |
| **FAC ¶ 10(b):** (See discussion of this state law claim below) | | | |

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

| Claim in FAC | Conditions Which Exist at the Gas Station | 1991 ADAAG Requirement(s) | 2010 Standards Requirement(s) |
|---|---|---|---|
| **FAC ¶ 10(c):** "Plaintiff wanted to purchase food at the Facility, but found that he could not reach many of the food items, condiments, and beverages because they were positioned out of his reach. He was forced to ask his grandson for assistance to get the drink and food he wanted." | The height of the top tier of the self-service hot food warmer in the north convenience store is just over 50 inches, and not all food items are available on each tier; condiments are located 50-3/4 inches from floor.<br><br>Bluhm Decl., ¶¶ 14-15, Exhs. 8-10; Moore Decl., Exh. E at 36:17-25 (Deposition of Def's access expert David Horn); (Def's expert also measured warmer at 50 inches and found non-compliant). | § 4.2.5: Reach range shall not exceed 48 inches from the floor. | § 308.2.1: Reach range shall not exceed 48 inches from the floor. |
| **FAC ¶ 10(d):** "The door to the men's restroom in the Facility was heavy and difficult for Plaintiff to open." | The hinged men's restroom door in the north convenience store requires approximately 10 pounds of pressure to operate.<br><br>Bluhm Decl., ¶ 16, Exh. 11. | § 4.13.11(b): Operating pressure of interior hinged doors shall be 5 pounds maximum. | § 404.2.9: Operating pressure of interior hinged doors shall be 5 pounds maximum. |
| **FAC ¶ 10(e):** "Plaintiff's approach to the lavatory in the men's restroom was obstruction by a partition, which made it difficult for Plaintiff to reach the faucet and the soap dispenser." | The height of the control mechanism on the soap dispenser in the men's restroom in the north convenience store is just over 52 inches, and requires a reach over a 24 inch obstruction. The centerline of the sink is located at just over 16 inches from the side wall. | § 4.2.5, Fig. 5(b): Reach range over a 20-25 inch obstruction shall not exceed 44 inches from the floor.<br><br>Note: 2007 California Building Code requires the centerline of the sink to measure a minimum of 18 inches from the side wall – 2007 CBC § 1115B.4.3(2). | § 308.2.2: Reach range over a 20-25 inch obstruction shall not exceed 44 inches from the floor.<br><br>Note: 2013 California Building Code requires the centerline of the sink to measure a minimum of 18 inches from the side |

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Page 14

| Claim in FAC | Conditions Which Exist at the Gas Station | 1991 ADAAG Requirement(s) | 2010 Standards Requirement(s) |
|---|---|---|---|
| | Bluhm Decl., ¶ 17, Exhs. 12-13. | | wall. 2013 CBC §11B-606.6. |
| **FAC ¶ 10(f): WAIVED** | | | |
| **FAC ¶ 10(g):** "Plaintiff was unable to find an accessible table at the Facility's outdoor seating area and was forced to sit at a table that was improperly configured, which was uncomfortable." | At the time of Plaintiff's visit, outdoor picnic table type seating was available which did not allow for a wheelchair to pull under the table.<br><br>Pl's Decl., ¶ 13; Levinson Decl., ¶ 2, Exh. A (photograph showing tables). | § 5.1: 5 percent of seating must be accessible and comply with § 4.32.<br><br>§ 4.32: If seating for people in wheelchairs is provided at tables or counters, knee spaces at least 27 in high, 30 in wide, and 19 in deep shall be provided | § 226.1: 5 percent of seating must be accessible and comply with § 902.<br><br>§ 902: Knee and toe clearance complying with 306 shall be provided.<br><br>§ 306.3.3: Knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the finish floor or ground, and 8 inches deep minimum at 27 inches above the finish floor or ground.<br><br>§ 306.3.5: 30 inches of width for knee clearance is required. |
| **FAC ¶ 10(h): WAIVED** | | | |
| **FAC ¶ 11(a)** | Same as 10(a) above. | | |
| **FAC ¶ 11(b):** "The designated accessible parking access aisle contains excessive slopes." | The slope of the access aisle between the two accessible parking spaces is 5.5 percent at the top of the access aisle. | § 4.6.3: Parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions. | § 502.4: Slopes not steeper than 1:48 (2.08 percent) are permitted. |

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Page 15

| Claim in FAC | Conditions Which Exist at the Gas Station | 1991 ADAAG Requirement(s) | 2010 Standards Requirement(s) |
|---|---|---|---|
| | Bluhm Decl., ¶ 18, Exh. 14; Moore Decl., Exh. E at 29:7-13 (Def's expert measured at 8.8 percent). | | |
| **FAC ¶ 11(c):** WAIVED | | | |
| **FAC ¶ 11(d):** WAIVED | | | |
| **FAC ¶ 11(e):** "The public pay telephones' operable parts are positioned too high." | Some of the push-to-dial buttons and the coin slot of the pay telephones are located between 49 inches and up to 55 inches.<br><br>Bluhm Decl., ¶ 20, Exh. 16; Moore Decl., Exh. E at 29:24-30:1 (Def's expert measured heights at 54-55 inches). | § 4.2.5: Reach range shall not exceed 48 inches from the floor. | § 308.2.1: Reach range shall not exceed 48 inches from the floor. |
| **FAC ¶ 11(f):** WAIVED | | | |
| **FAC ¶ 11(g):** | Same as 10(b) above. | | |
| **FAC ¶ 11(h):** "A properly configured accessible portion of the transaction counter at the south convenience store is not provided." | The length of the south convenience store transaction counter is 31 inches.<br><br>Bluhm Decl., ¶ 21, Exh. 17 | § 7.2: Transaction counters must be at least 36 inches in length. | §§ 904.4.1 and 904.4.2: Transaction counters must be at least 36 inches in length. |
| **FAC ¶ 11(i):** "The debit card reader located on the transaction counter at the south convenience store is positioned too high and lacks proper clear floor space for approach." | A 30 x 48 inch clear floor space at the transaction counter is also not provided.<br><br>Bluhm Decl., ¶ 22, Exh. 18; Moore Decl., Exh. E at 32:9-14 (Def's expert concurring). | § 4.2.4.1: A minimum 30 x 48 inch clear floor space is required for a wheelchair. | § 305.3: A minimum 30 x 48 inch clear floor space is required for a wheelchair. |

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

| Claim in FAC | Conditions Which Exist at the Gas Station | 1991 ADAAG Requirement(s) | 2010 Standards Requirement(s) |
|---|---|---|---|
| **FAC ¶ 11(j):** WAIVED | | | |
| **FAC ¶ 11(k):** "Self-service items (i.e. soda fountain, hot beverage dispenser, cup/lid racks, hot food warmers, napkins, condiments, etc.) are positioned with operable parts and/or items too high at both the south and north convenience stores." | The operable parts of the hot beverage dispensers in the south convenience store are located 49 inches from the floor. Bluhm Decl., ¶ 23, Exh. 19<br><br>Napkins in the south convenience store are located 60 inches from the floor. Moore Decl., Exh. E at 38:2-4 (Def's expert's measurement).<br><br>Hot water/coffee dispenser operable part located 64 inches from the floor. Moore Decl., Exh. E at 38:10-16 (Def's expert's measurement).<br><br>The lids for hot beverages in the south convenience store are located 57 inches-62 inches from the floor. Bluhm Decl., ¶ 24, Exh. 20.<br><br>The height of the hot beverage dispensers in the north convenience store is 52-1/2 inches from the floor. Bluhm Decl., ¶ 25, Exh. 21.<br><br>The height of the activating pumps of the flavored coffee syrups | § 4.2.5: Reach range to operable parts shall not exceed 48 inches from the floor. | § 308.2.1: Reach range to operable parts shall not exceed 48 inches from the floor. |

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Page 17

| Claim in FAC | Conditions Which Exist at the Gas Station | 1991 ADAAG Requirement(s) | 2010 Standards Requirement(s) |
|---|---|---|---|
| | in the north convenience store are located between 56 and 57 inches above the floor. Bluhm Decl., ¶ 26, Exh. 22.<br><br>The operable parts of the self-service cold beverage dispensers in the north convenience store are located 50 inches above the floor. Bluhm Decl., ¶ 27, Exh. 23.<br><br>The operable parts of the self-service slushee-type beverage dispensers are 48-3/4 above the floor. Bluhm Decl., ¶ 28, Exh. 24. | | |
| **FAC ¶ 11(l):** "Floor mats throughout public areas of the Facility are not properly secured." | Floor mats are not secured to the floor. Bluhm Decl., ¶ 29, Exh. 25; Moore Decl., Exh. E at 38:25-39:3 (Def's expert concurring). | **§ 4.5.3:** If carpet or carpet tile is used on a ground or floor surface, then it shall be securely attached; have a firm cushion, pad, or backing, or no cushion or pad. Exposed edges of carpet shall be fastened to floor surfaces and have trim along the entire length of the exposed edge. | **§ 302.2:** Carpet or carpet tile shall be securely attached and shall have a firm cushion, pad, or backing or no cushion or pad. Exposed edges of carpet shall be fastened to floor surfaces and shall have trim on the entire length of the exposed edge. |
| **FAC ¶ 11(m):** WAIVED | | | |
| **FAC ¶ 11(n):** "The plumbing beneath the lavatory in the south | Water supply pipes underneath the sink in the south convenience store were not insulated. | **§ 4.19.4:** Hot water and drain pipes under lavatories shall be insulated or otherwise | **§ 606.5:** Water supply and drain pipes under lavatories and sinks |

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Page 18

| Claim in FAC | Conditions Which Exist at the Gas Station | 1991 ADAAG Requirement(s) | 2010 Standards Requirement(s) |
|---|---|---|---|
| convenience store men's restroom is not properly configured." | Bluhm Decl., ¶ 30, Exh. 26; Moore Decl., Exh. E at 39:7-9 (Def's expert concurring). | configured to protect against contact. | shall be insulated or otherwise configured to protect against contact. |
| **FAC ¶ 11(o):** "The toilet in the designated accessible stall within the men's restroom at the south convenience store is not properly positioned with respect to the side wall." | The centerline of the toilet is located 18-1/2 inches from the side wall. Bluhm Decl., ¶ 32, Exh. 28; Moore Decl., Exh. E at 39:10-13 (Def's expert measured it at 19-1/2 inches). | § 4.17.13, Fig. 30(a). Centerline of the toilet shall be located 18 inches from the side wall. | § 604.2: The centerline of the toilet shall be located 16 inches min. and 18 inches max. from the side wall. |
| **FAC ¶ 11(p):** "The toilet in the designated accessible stall within the men's restroom at the south convenience store lacks proper clear floor space." | The floor space measures 58-1/4 inches to the front of the toilet from the back wall and 38 inches from the side wall.<br><br>Moore Decl., Exh. E at 39:21-25 (Def's expert's testimony). | § 4.17.3, Fig. 30(a): Clear floor space in a toilet stall must be 60 inches measured along the wall containing the back of the toilet, and 59 inches wide measured from back to facing wall with a floor mounted toilet. | § 604.3.1: Clearance around a water closet shall be 60 inches min. measured perpendicular from the side wall and 56 inches min. measured perpendicular from the rear wall. |
| **FAC ¶ 11(q):** "The flush control on the toilet in the designated accessible stall within the men's restroom at the south convenience store is not located on the open side of the toilet." | The flush control is located on top of the toilet. Bluhm Decl., ¶ 31, Exh. 27; Moore Decl., Exh. E at 40:3-5 (Def's expert concurring). | § 4.16.15: The controls for flush valves shall be mounted on the wide side of toilet areas | § 604.6: Flush controls shall be located on the open side of the water closet. |
| **FAC ¶ 11(r):** "The coat hook in the designated accessible stall within the men's restroom at the south convenience store is positioned too high." | The coat hook is located 63 inches above the ground. Bluhm Decl., ¶ 33, Exh. 29; Moore Decl., Exh. E at 40:6-9 (Def's expert concurring). | § 4.2.5: Reach range to operable parts shall not exceed 48 inches from the floor. | **§ 604.8:** Coat hooks to be located within § 308 reach ranges.<br><br>§ 308.2.1: Reach range to operable parts shall not |

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Page 19

| Claim in FAC | Conditions Which Exist at the Gas Station | 1991 ADAAG Requirement(s) | 2010 Standards Requirement(s) |
|---|---|---|---|
| | | | exceed 48 inches from the floor. |
| **FAC ¶ 11(s):** WAIVED | | | |
| **FAC ¶ 11(t):** "The north convenience store men's restroom lacks a proper smooth surface on the bottom of the push side of the door." | Hardware is located at the base of the men's restroom door within the bottom 10 inches of the door. Bluhm Decl., ¶ 34, Exh. 30; Moore Decl., Exh. E at 40:15-22 (Def's expert concurring). | Note: No applicable 1991 ADAAG section, but the applicable CBC section required the smooth surface.<br><br>2007 CBC § 1133B.2.6 The bottom 10 inches of all doors except automatic and sliding shall have a smooth, uninterrupted surface to allow the door to be opened by a wheelchair footrest. | **§ 404.2.10:** Swinging door and gate surfaces within 10 inches of the finish floor or ground measured vertically shall have a smooth surface on the push side extending the full width of the door or gate. |
| **FAC ¶ 11(u):** WAIVED | | | |
| **FAC ¶ 11(v):** "The north convenience store men's restroom lavatory counter surface is too high." | The height of the sink counter is 34-5/8 inches above the floor. Bluhm Decl., ¶ 35, Exh. 31; Moore Decl., Exh. E at 41:4-9 (Def's expert measured at 35 inches). | **§ 4.19.2:** Lavatories shall be mounted with the rim or counter surface no higher than 34 in. | **§ 606.3:** Lavatories and sinks shall be installed with the front of the higher of the rim or counter surface 34 inches maximum above the finish floor or ground. |
| **FAC ¶ 11(w)** | Included in 10(e) above. | | |
| **FAC ¶ 11(x):** "The plumbing beneath the lavatory in the north convenience store men's restroom is not properly insulated." | The plumbing is not insulated to prevent contact. Bluhm Decl., ¶ 36, Exh. 32; Moore Decl., Exh. E at 41:16-20 (Def's expert concurring). | **§ 4.19.4:** Hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. | **§ 606.5:** Water supply and drain pipes under lavatories and sinks shall be insulated or otherwise configured to protect against contact. |
| **FAC ¶ 11(y):** "The urinal in the men's restroom at | The rim of the urinal is 17.5 inches above the floor. Bluhm Decl., ¶ | **§ 4.18.2:** Urinals shall be stall-type or wall-hung with an elongated | **§ 605.2:** Urinals shall be the stall-type or the wall- |

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Page 20

| Claim in FAC | Conditions Which Exist at the Gas Station | 1991 ADAAG Requirement(s) | 2010 Standards Requirement(s) |
|---|---|---|---|
| the north convenience store is positioned with its rim too high." | 37, Exh. 33; Moore Decl., Exh. E at 41:21-25 (Def's expert concurring). | rim at a maximum of 17 in above the finish floor. | hung type with the rim 17 inches maximum above the finish floor or ground. |
| **FAC ¶ 11(z):** WAIVED | | | |
| **FAC ¶ 11(aa):** "The coat hook in the designated accessible stall within the men's restroom at the north convenience store is positioned too high." | The coat hook is located 48-5/8 inches above the floor. Bluhm Decl., ¶ 38, Exh. 34; Moore Decl., Exh. E at 42:7-9 (Def's expert concurring). | § 4.2.5: Reach range to operable parts shall not exceed 48 inches from the floor. | § 604.8: Coat hooks to be located within § 308 reach ranges.  § 308.2.1: Reach range to operable parts shall not exceed 48 inches from the floor. |
| **FAC ¶ 11(bb):** WAIVED | | | |
| **FAC ¶ 11(cc):** "The flush control on the toilet in the designated accessible stall within the men's restroom at the north convenience store is not located on the open side of the toilet." | The flush control is located on the side nearest the wall. Bluhm Decl., ¶ 39, Exh. 35; Moore Decl. Exh. E at 42:16-21 (Def's expert concurring). | § 4.16.15: The controls for flush valves shall be mounted on the wide side of toilet areas | § 604.6: Flush controls shall be located on the open side of the water closet. |
| **FAC ¶ 11(dd):** | Included in item 10(e) above. | | |
| **FAC ¶ 11(ee):** WAIVED. | | | |

## IV.   Defendants' failure to comply with ADAAG entitles Plaintiff to injunctive relief under the ADA.

Violations of the ADAAG establish the existence of architectural barriers prohibited by the ADA and require a Court to issue an injunction requiring their removal. "The ADAAG provides the objective contours of the standard that architectural features must not impede disabled individuals' full and equal enjoyment of accommodations." *Chapman v. Pier 1 Imports*

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Page 21

(U.S.), Inc., 631 F.3d at 945. The violations above demonstrate that Defendants violated Plaintiff's rights under the ADA, thereby entitling him to injunctive relief. "If a particular architectural feature of a place of public accommodation is inconsistent with the ADAAG, a plaintiff can bring a civil action claiming that the feature constitutes a barrier that denies the plaintiff full and equal enjoyment of the premises in violation of the ADA." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011).

**V.     Plaintiff will be harmed in the future if the Gas Station is not made accessible to him.**

The Gas Station is located about 13 miles from Plaintiff's house, and near a busy intersection in an area he often frequents (Herndon and Golden State Boulevard/Highway 99). Pl's Decl., ¶ 15. Plaintiff has also visited this Gas Station several times in the past. Pl's Decl., ¶ 16, Exh. E. Plaintiff likes to visit this Gas Station because the gas prices are very good, and the convenience stores offer a good selection of food and beverages. Pl's Decl., ¶ 16. And again, the Gas Station is in a location where Plaintiff frequently finds himself. Pl's Decl., ¶¶ 15-16.

Plaintiff has no doubt that he will return to the Gas Station once it is made fully accessible to him. Pl's Decl., ¶ 17.

**VI.    Defendants are jointly and severally liable for barrier removal under the ADA.**

Defendant Millennium owns the real property in and on which the Gas Stations are located, and leases the property to Defendant Timeless. Moore Decl., ¶ 2, Exh. A (lease).

Under the ADA, landlords and tenants are jointly and severally liable for barriers which exist at a facility. 42 U.S.C. § 12182(b)(1)(A)(i); *Botosan v. Paul McNally Realty*, 216 F.3d 827, 833 (9th Cir. 2000) ("Thus, contractual allocation of responsibility has no effect on the rights of third parties. [citation omitted] The power to waive or impose liability as against a third party resides only in Congress, and Congress has stated that both the landlord and the tenant are liable under the Act."). While a tenant has no obligation to remediate items not within its control, a landlord remains jointly liable for *all* barrier removal. "The existence of a lease that delegates control of parts of that property to a tenant has no effect on the landlord's preexisting obligation, because under the ADA, a party is prevented from doing anything

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Page 22

1   'through contractual, licensing, or other arrangements that it is prevented from doing

2   'directly.'" *Kohler v. Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1264 (9th Cir. Mar. 24,

3   2015) (quoting 42 U.S.C. § 12182(b)(1)(A)(i)). It is not for Plaintiff to determine who is liable

4   – under the ADA, both Millennium and Timeless are required to make the Gas Station

5   accessible to him.

6   **VII.   Plaintiff is entitled to injunctive relief under California law as well.**

7         **A.   Applicable standards for injunctive relief under California law.**

8         Because the operative facts for Plaintiff's state law claim for injunctive relief are

9   identical to those of his federal claim, this Court may exercise supplemental jurisdiction. 28

10   U.S.C. § 1367; *See*, *Brady v. Brown*, 51 F.3d 810, 815-16 (9th Cir. 1995) ("The operative facts

11   for both the RICO and the state law claims are the same actions described . . . There was thus a

12   common nucleus of operative facts encompassing both the state and federal claims.").

13         As the federal government does with the ADA, California mandates specific

14   requirements for building accessibility by statute. Cal. Gov't Code § 4450; Cal. Health & Safety

15   Code, §§ 19956, 19959. "All buildings constructed or altered after July 1, 1970, must comply

16   with standards governing the physical accessibility of public accommodations. [Citation.] From

17   December 31, 1981 until the present, the standards have been set forth in Title 24 of the

18   California regulatory code [Cal. Code Regs., tit. 24]." *Moeller v. Taco Bell Corp.*, 220 F.R.D.

19   604, 607 (N.D. Cal. 2004).), fns. omitted; *see People ex rel. Deukmejian v. CHE, Inc.*, 150 Cal.

20   App. 3d 123, 134 (1983) (explaining evolution of state building standards). "A violation of a

21   California Code of Regulations, title 24 (title 24) building standard that denies access to a

22   disabled individual has been found to constitute a violation of . . . the [Unruh] Act."

23   *Californians for Disability Rights v. Mervyn's LLC*, 165 Cal. App. 4th 571, 585-586 (Cal. App.

24   1st Dist. 2008).

25         Therefore, to seek an injunction under the Unruh Act and the Health and Safety Code, a

26   disabled plaintiff need not necessarily show only a violation of the ADA, but instead a disabled

27   plaintiff can show that the ADA was violated, and/or demonstrate that the facility in question

28   does not comply with applicable California Code of Regulations, Title 24, Part 2, commonly

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Page 23

1    referred to as the California Building Code, or "CBC." *Pickern v. Best Western Timber Cove*

2    *Lodge Marina Resort*, 2002 U.S. Dist. LEXIS 1709, *21 (E.D. Cal. Jan. 17, 2002). The CBC

3    sets forth California's accessibility requirements for public accommodations. *Rodriguez v.*

4    *Barrita, Inc.*, 2012 U.S. Dist. LEXIS 91749 (N.D. Cal. Feb. 29, 2012).

5        The Gas Station and convenience store were completely remodeled in approximately

6    2009. Moore Decl., ¶ 5, Exh. D (Timeless Depo.) at 28:8-29:13. Such upgrade included the

7    entrance doors to the convenience store. Moore Decl., Exh. D at 29:22-24. The applicable

8    California Building Code at the time of the remodel was the 2007 CBC.

9        **B.**    **Violations of California law which entitle Plaintiff to an injunction for his**

10           **claims at FAC ¶¶ 10(b) and 10(e)**

11           **1.**    **FAC ¶ 10(b) – operating pressure of south convenience store**

12               **entrance**

13       FAC paragraph 10(b) alleges that the entrance to the convenience store was heavy,

14   which made opening the door difficult. The 2007 CBC, section 1133B.2.5, requires that the

15   entrance door not require more than five pounds of operational pressure. The 2013 CBC has the

16   same requirement for exterior hinged doors. 2013 CBC § 1133B.2.5. The exterior entrance to

17   the south convenience store is a hinged door. Bluhm Decl., ¶ 12. The exterior entrances to the

18   south convenience store currently require 7 and 9 pounds of pressure to operate. Bluhm Decl., ¶

19   12, Exhs. 6-7.

20       Accordingly, Plaintiff is entitled to an injunction requiring Defendants to adjust and

21   maintain the exterior entrance door so that it does not require more than five pounds of pressure

22   to operate.

23           **2.**    **FAC ¶ 10(e) – centerline of sink in north convenience store men's**

24               **restroom**

25       FAC paragraph 10(e) alleges that Plaintiff had difficulty reaching the soap dispenser and

26   faucet because the partition (side wall) was obstructing his reach. The 2007 and 2013 CBC

27   require the centerline of the sink to measure a minimum of 18 inches from the side wall. 2007

28   CBC § 1115B.4.3(2), 2013 CBC § 606.6. However, the centerline of the sink is located 16 3/8

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

1   inches from the side wall, which does not leave Plaintiff enough room to position his wheelchair

2   properly at the sink to reach the faucet and the soap dispenser. Bluhm Decl., ¶ 17, Exhs. 12-13.

3       Accordingly, Plaintiff is entitled to an injunction requiring Defendants to move the sink

4   such that its centerline is at least 18 inches from the sidewall/partition.

5   **VIII.   Plaintiff is entitled to statutory damages under California law.**

6       A violation of the ADA constitutes an automatic violation of the Unruh Civil Rights

7   Act. Cal. Civ. Code § 51(f). Under Unruh Act, a prevailing plaintiff is entitled to *minimum*

8   statutory damages of $4,000 for each time that he was discriminated against. Cal. Civ. Code §

9   52(a). "[T]he full panoply of Unruh Civil Rights Act remedies . . . include injunctive relief,

10  actual damages (and in some cases as much as treble damages), and a minimum statutory award

11  of $ 4,000 per violation." *Jankey v. Lee*, 55 Cal. 4th 1038, 1044 (2012). In order to obtain

12  damages, a plaintiff must additionally demonstrate that he suffered difficulty, discomfort or

13  embarrassment as a result of his encounter with the barrier. Cal. Civ. Code § 55.56.

14      As set forth at length above with regards to the barriers encountered by Plaintiff,

15  Defendants' failure to make the Gas Station accessible to Plaintiff caused him significant

16  difficulty and discomfort. Pl's Decl., ¶¶ 8-13. Therefore, Plaintiff is entitled to $4,000 in

17  minimum statutory damages under the Unruh Act.

18                  **Conclusion**

19      Plaintiff respectfully asks that the Court: 1) order Defendants to remove all barriers

20  identified herein under both state and federal law; and 2) award him $4,000 in statutory

21  damages under the Unruh Act.

22                          Respectfully submitted,

23  Dated: December 15, 2015            MOORE LAW FIRM, P.C.

24

25                          */s/ Tanya E. Moore*
                            Tanya E. Moore, Attorneys for
26                          Plaintiff, Ronald Moore

27

28

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Page 25