# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE,<br><br>    Plaintiff,<br><br>    v.<br><br>MILLENNIUM ACQUISITIONS, LLC, et al.,<br><br>    Defendants. | Case No. 1:14-cv-01402-DAD-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS<br><br>(ECF Nos. 43, 56, 57) |

On December 2, 2015, Plaintiff filed a motion for sanctions against Defendants' counsel H. Ty. Kharazi ("Kharazi"). (ECF No. 43.) On January 12, 2016, Defendants filed an opposition to the motion for sanctions. (ECF No. 56.) On January 15, 2016, Plaintiff filed a reply. (ECF No. 57.) The hearing on the motion for sanctions took place on February 3, 2016. Tanya Moore appeared on behalf of Plaintiff and Kharazi appeared on behalf of Defendants.[1] For the reasons set forth below, the Court denies Plaintiff's motion for sanctions.

## I.

## LEGAL STANDARDS

Federal courts are courts of limited jurisdiction which have the power to hear cases which Congress has conferred subject-matter jurisdiction upon them. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994) (internal citations omitted); U.S. v. Sumner, 226

---

[1] The Court refers to Tanya Moore, Lynn Moore, and Kenneth Moore by their full names in order to avoid confusion.

1

F.3d 1005, 1009 (9th Cir. 2000). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U.S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U.S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. Baker v. Carr, 369 U.S. 186, 198 (1962). The Court has original jurisdiction in the instant case under 28 U.S.C. §§ 1331 and 1343 based on allegations under the Americans with Disabilities Act (ADA) and supplemental jurisdiction for claims under 28 U.S.C. § 1367. The authority of federal courts is derived from the legislative grant of authority to act. See Kokkonen, 511 U.S. at 377.

Courts also have inherent authority in limited circumstances. The Supreme Court has held that the Courts of justice have certain implied powers based on the nature of their institution, which cannot be dispensed with in a Court, because they are necessary to the exercise of all others. Chambers v. Nasco, Inc., 501 U.S. 32, 43 (1991) (internal quotations and citations omitted).

In a federal civil case, the conduct of counsel may be statutorily sanctionable under Rules 11 and 37 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. The Court has the power to require any attorney who so multiplies the proceedings in any case unreasonably and vexatiously to cover the excess costs, expenses and attorneys' fees incurred because of the unreasonable conduct pursuant to 28 U.S.C. § 1927.

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if a party fails to obey an order to provide or permit discovery, the court may issue further just orders, which may include the imposition of sanctions upon the disobedient party, including dismissal of the action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(A). "[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

"An attorney is subject to Rule 11 sanctions, among other reasons, when he presents to

2

1 the court 'claims, defenses, and other legal contentions ... [ not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law [.]" Holgate v. Baldwin, 425 F.3d 671, 675–76 (9th Cir. 2005) (quoting Fed.R.Civ.P. 11(b)(2)). "As shorthand for this test, we use the word 'frivolous' 'to denote a filing that is both baseless and made without a reasonable and competent inquiry." Holgate, 425 F.3d at 676 (quoting Moore v. Keegan Mgmt. Co., 78 F.3d 431, 434 (9th Cir. 1996).

The Court also has inherent power to sanction parties or their attorneys for improper conduct. Chambers, 501 U.S. at 43-46; Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001). However, sanctions pursuant to the court's inherent power must not be contrary, and in fact, should be consistent with the Federal Rules and with other statutes. See Zambrano v. City of Tustin, 885 F.2d 1473, 1479 (9th Cir. 1989). The inherent authority for sanctions in the Ninth Circuit, sanctions are appropriate only in "extreme circumstances" and where the violation is "due to willfulness, bad faith, or fault of the party." Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002) (quoting United States v. Kahaluu Constr. Co., Inc., 857 F.2d 600, 603 (9th Cir. 1988) (citations omitted)). By invoking the inherent power to punish bad faith conduct that threatens the integrity of the judicial process, a court must exercise discretion in fashioning appropriate sanctions. See Chambers, 501 U.S. at 44-45. "District judges have an arsenal of sanctions they can impose for unethical behavior" including monetary sanctions, contempt, and disqualification of counsel. Erickson v. Newmar Corp., 87 F.3d 298, 303 (9th Cir. 1996). An attorney admitted to the State Bar may be disciplined under the court's inherent power for conduct that violates the State Bar's rules of professional conduct, including conduct that occurs outside the course of litigation. United States v. Wunusch, 84 F.3d 1110, 1114 (9th Cir. 1996).

Here plaintiff is asking the court to refer defendants' counsel to the State Bar, admonish that this conduct is not appropriate and for attorney's fees. (ECF No. 43-1 at 22-23.) Since this request does not fall within the statutory confines of either Rules 11 or 37, the Court must determine whether the request falls within its inherent authority.

In exercising the inherent authority, the following Local Rules of the Eastern District of California and California State Bar are relevant to the issues in the instant motion for sanctions:

Local Rule 110:

> Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.

Local Rule 180(e):

> Every member of the Bar of this Court, and any attorney permitted to practice in this Court under subsection (b) shall become familiar with and comply with the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California and decisions of any Court applicable thereto, which are hereby adopted as standards of professional conduct in this Court. In the absence of an applicable standard therein, the Model Code of Professional Responsibility of the American Bar Association may be considered guidance. No attorney admitted to practice before this Court shall engage in any conduct which degrades or impugns the integrity of the Court or in any manner interferes with the administration of justice.

California State Bar Rules of Professional Conduct Rule 1-500:

> **(A)** A member shall not be a party to or participate in offering or making an agreement, whether in connection with the settlement of a lawsuit or otherwise, if the agreement restricts the right of a member to practice law, except that this rule shall not prohibit such an agreement which:
>
> (1) Is a part of an employment, shareholders', or partnership agreement among members provided the restrictive agreement does not survive the termination of the employment, shareholder, or partnership relationship; or
>
> (2) Requires payments to a member upon the member's retirement from the practice of law; or
>
> (3) Is authorized by Business and Professions Code sections 6092.5 subdivision (i), or 6093.
>
> **(B)** A member shall not be a party to or participate in offering or making an agreement which precludes the reporting of a violation of these rules.

California State Bar Rules of Professional Conduct 5-200:

> A) A member shall not threaten to present criminal, administrative, or disciplinary charges to obtain an advantage in a civil dispute.

> **(B)** As used in paragraph (A) of this rule, the term "administrative charges" means the filing or lodging of a complaint with a federal, state, or local governmental entity which may order or recommend the loss or suspension of a license, or may impose or recommend the imposition of a fine, pecuniary sanction, or other sanction of a quasi-criminal nature but does not include filing charges with an administrative entity required by law as a condition precedent to maintaining a civil action.
>
> **(C)** As used in paragraph (A) of this rule, the term "civil dispute" means a controversy or potential controversy over the rights and duties of two or more parties under civil law, whether or not an action has been commenced, and includes an administrative proceeding of a quasi-civil nature pending before a federal, state, or local governmental entity.

California State Bar Rules of Professional Conduct Rule 5-310:

> A member shall not:
>
> (A) Advise or directly or indirectly cause a person to secrete himself or herself or to leave the jurisdiction of a tribunal for the purpose of making that person unavailable as a witness therein.
>
> (B) Directly or indirectly pay, offer to pay, or acquiesce in the payment of compensation to a witness contingent upon the content of the witness's testimony or the outcome of the case. Except where prohibited by law, a member may advance, guarantee, or acquiesce in the payment of:
>
> (1) Expenses reasonably incurred by a witness in attending or testifying.
>
> (2) Reasonable compensation to a witness for loss of time in attending or testifying.
>
> (3) A reasonable fee for the professional services of an expert witness.

## II.

## DISCUSSION

As noted, Plaintiff seeks the following sanctions: (1) refer Kharazi to the State Bar for further investigation; (2) admonish Kharazi that if this conduct continues, he will be subject to disqualification from representing Defendants; and (3) monetary sanctions in the amount of Plaintiffs' attorneys' fees incurred in bringing and defending this motion in an amount to be

determined subsequent to the Court's order on this motion. (ECF No. 43-1 at 22-23.)[2]

Plaintiff argues that Kharazi is using intimidation and threats to achieve settlement in this action. Specifically, Plaintiff alleges that Kharazi has improperly offered to dismiss the state court lawsuit against Tanya Moore's son, Levinson, in exchange for settlement of this action. Plaintiff asserts that Kharazi is attempting to interfere with her representation of her client by improperly motivating her to recommend a settlement in this action to her client. Plaintiff claims that Kharazi stated that if the matter was dismissed, "[w]e assure you that we will not pursue any matters with the DSA against Mr. Levinson." Plaintiff asserts that this violates Rule 5-100 of the California Rules of Professional Conduct. Plaintiff argues that Kharazi threatened to report Tanya Moore to the State Bar of California if Plaintiff did not settle this case, Moore v. Saniefar, Case No. 1:14-cv-01067-KJM-SKO, and Moore v. Chase, Inc., Case No. 1:14-cv-01178-SKO. Plaintiff also alleges that Kharazi is making settlement offers without authority to do so, in violation of California law.

Plaintiff alleges that Kharazi has improperly offered to represent Lynn Moore, Plaintiff's wife and a witness for Defendants, in a dissolution action against Plaintiff. Plaintiff alleges that Kharazi's offer of free representation to Lynn Moore in the dissolution action against Plaintiff could result in affecting the testimony Ms. Moore would offer in this action.[3] Plaintiff asserts

---

[2] The Court notes that both parties devote a large amount of time in their papers to arguing their position on the merits of this action, which is not at issue here. Kharazi argues that he is fighting to demonstrate Plaintiff's fraud upon the court. Even if Kharazi's argument that Plaintiff's case is part of a fraud on the court, any lack of good faith by Tanya Moore or Plaintiff would not excuse Kharazi's failure to act in good faith. As the adage goes, "two wrongs do not make a right." Any "bad faith" conduct by Tanya Moore or Plaintiff does not give Kharazi cause to act in bad faith and any "bad faith" conduct by Kharazi does not give Tanya Moore or Plaintiff cause to act in bad faith.

[3] Kharazi attached a declaration, dated January 12, 2016, to Defendants' opposition to Plaintiff's motion for sanctions. (ECF No. 56 at 20-27.) In the January 12, 2016 declaration, Kharazi stated, "The deposition never took place and I was not retained for any other work for Lynn Moore." (ECF No. 56 at 26.) Plaintiff attached to his reply in support of the motion for sanctions a copy of a petition for dissolution of marriage for Lynn Moore that was filed in Freson County Superior Court on January 4, 2016. (ECF No. 57-4 at 2-4.) Kharazi signed the petition as Lynn Moore's attorney on December 31, 2015. (ECF No. 57-4 at 4.) At the February 3, 2016 hearing, Kharazi stated that he had post-dated his declaration, so that at the time he wrote it, it was accurate that he did not represent Lynn Moore. Kharazi conceded that he is presently representing Lynn Moore pursuant to a retainer agreement and that he could have corrected the inaccuracy in the January 12, 2016 declaration when it was discovered, but he did not. In fact, upon Plaintiff's counsel filing the petition for dissolution of marriage as an exhibit to Plaintiff's reply on January 15, 2016, Kharazi did not submit a declaration or another document to the court correcting his statement regarding representation of Lynn Moore. This course of practice is inexcusable and while sanctions will not be imposed on this motion against counsel, this material misrepresentation to the Court cannot go unnoticed.

1 that Kharazi's representation of Lynn Moore would be designed to harass Plaintiff and is
2 intimidation to coerce Plaintiff into a settlement in this action.

3 Plaintiff alleges that Kharazi improperly required Tanya Moore to restrict her future
4 right to practice law as a condition of settlement in this matter by requiring her to refuse future
5 representation of other disabled clients in future disability access litigation against Kharazi's
6 clients.

7 Plaintiff alleges that Kharazi made a threat to Tanya Moore during a break between
8 scheduled depositions on September 3, 2015. Plaintiff points to the deposition transcript where
9 Tanya Moore memorialized the conversation between herself and Kharazi. Plaintiff alleges that
10 Kharazi stated that Tanya Moore should expect demonstrators at her house in Sanger that
11 Saturday and that she would be receiving many knocks on her door within the next 60 days that
12 would make her regret filing lawsuits against his clients.

13 Plaintiff argues that Kharazi revealed information about Tanya Moore's marriage and her
14 former husband's retirement from the practice of law in order to harass Tanya Moore.

15 Plaintiff alleges that Kharazi uses subtle forms of intimidation and that he seeks to debase
16 Tanya Moore because he does not approve of the type of law she practices. Plaintiff alleges that
17 Kharazi refers to Tanya Moore as "woman" during their conversations, instead of using her full
18 name, that Kharazi has told Tanya Moore that "all the Fresno attorneys and judges hate" her, and
19 that email from Tanya Moore goes into "junk" mail. Plaintiff alleges that Kharazi interrupts
20 Tanya Moore during their conversations, gets angry, and demands to set the agenda. Plaintiff
21 also alleges that Kharazi invited Tanya Moore to pick up a check at his office, but then had an
22 employee meet Tanya Moore outside of Kharazi's office.

23 Plaintiff alleges that Kharazi has acted inappropriately in a variety of ways during their
24

---

25 Additionally, Kharazi's excuse that he post-dated a document is simply unconvincing as the document was filed on January 12, 2016, and nothing under the law requires that a document also be signed the same day it is filed.
26 Kharazi could have signed the document, on the date it was actually executed, since the document was a declaration. Under Kharazi's explanation, he signed a document knowing it was false as to the date he actually signed it, which
27 is also of concern to this Court. Additionally, even if executed on a date before the document states, Kharazi may have been on notice that a retainer would be coming sometime in the near future in light of the filing and the date
28 counsel alleged to have back dated it. Had this declaration been material to this litigation the result here would have been much different. <u>See</u> Fed. R. Civ. P. 11 and L.R. 180(e).

7

communications outside of court proceedings. Parties and counsel have a duty to behave civilly and respectfully toward one another, and conduct to the contrary is sanctionable where it undermines the integrity of judicial proceedings. There is a line between zealous advocacy and improper behavior.

Plaintiff seeks referral of Kharazi to the California State Bar. If Plaintiff and Tanya Moore believe that opposing counsel has violated a California Rule of Professional Conduct, then they may report that conduct to the California State Bar, just as Defendants and Kharazi may report Tanya Moore to the California State Bar if they believe that Tanya Moore has violated a California Rule of Professional Conduct.

The Court notes that there is nothing before the Court that the alleged conduct by Kharazi affected the ability of the parties, and specifically Plaintiff, to file motions in this Court. In fact, the parties have had informal discovery disputes in this case and are litigating a motion for summary judgment before the assigned district judge. The undersigned's ability to decide informal discovery disputes was not impacted nor does the record support. Therefore, the alleged conduct has not impacted the parties' ability to litigate this action or this Court in managing and deciding it. If this were shown through factual support, then this Court notes that such facts may be an instance where this court would exercise its inherent authority when it comes to sanctioning conduct of counsel or a party outside of the federal rules or explicitly statutory reference.

Unfortunately, because of the conduct of both counsel in this case, the Court must note some additional basic points of law. The American judicial system of jurisprudence is commonly referred to as the "adversary system," but that description is not without limits and must not be taken literally by counsel when they act in case. The adversary system requires that the parties and their counsel conduct themselves and their case according to the rule of law, which includes the rules of ethics. Parties or counsel who act outside these confines signal to the Court, and possibly the opposing party, that their claim or defense is simply without merit. In exercising this inherent authority, the parties must be aware that this Court refuses to exercise "playground jurisdiction" over the parties and their counsel. Such antics as seen in this case only extend to

hurt reputations of counsel with the public and with the Court and can result in reducing the credibility of attorneys who perform such antics when appearing before the Court.

Counsel are reminded that they must work together on this case consistent with the applicable law and the federal rules. Cooperation is clearly not occurring as evidenced by the communication between counsel as set forth in the instant motion. Even cases under the adversarial system are premised on cooperation. This Court is one of the busiest courts in the nation, and hence, should not be required to address such antics. It expects that counsel will be familiar with the Federal Rules of Civil Procedure and Evidence, this Court's Local Rules, and other applicable laws. Counsel are strongly encouraged to resolve their disputes independently. Future efforts at gamesmanship and unprofessional conduct as already exhibited in this case will not be tolerated.

While the Court recognizes its limited inherent authority and declines to exercise it here, this Court's ruling should by no means foreclose nor is it suggesting, any party or counsel from reporting such conduct on their own to the State Bar. The Court will not be the litigation tool nor the conduit on this occasion. However, the parties and their counsel are on notice that any future actions brought to the attention of the court of a similar nature, and which fall within the confines of its inherent authority as described above, may require the Court to exercise its limited authority, hold an evidentiary hearing, make findings and provide an appropriate remedy. With this is mind, counsel and the parties should conduct themselves in an effort to avoid an appearance which could subject them to future court action. Alternatively, vigorous prosecution or defense of one's claim or defense should not also equate to unethical conduct. Here endeth the lesson.

Based upon the allegations in the instant motion, which occurred outside of the courtroom, the Court elects to not hold an evidentiary hearing to delve into issues of credibility.

\\\
\\\
\\\
\\\

## III.
## ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for sanctions is DENIED.

IT IS SO ORDERED.

Dated: **February 5, 2016**

UNITED STATES MAGISTRATE JUDGE