1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RONALD MOORE,                          No.  1:14-cv-01402-DAD-SAB

12                  Plaintiff,              ORDER GRANTING IN PART PLAINTIFF'S
                                            MOTION FOR ATTORNEYS' FEES
13          v.
                                            (Doc. No. 71)
14   MILLENIUM ACQUISITIONS, LLC, et
     al.,
15
                  Defendants.
16

17

18          This matter is before the court on plaintiff Ronald Moore's March 31, 2016 motion for

19   attorneys' fees.  (Doc. No. 71.)  Defendants filed their opposition to plaintiff's motion on May 3,

20   2016.  (Doc. No. 74.)  On May 6, 2016, plaintiff filed their reply.  (Doc. No. 76.)  For the

21   following reasons, the court will grant in part and deny in part plaintiff's motion for attorneys'

22   fees.

23                              FACTUAL BACKGROUND

24          Plaintiff, Ronald Moore, brought suit against defendants, Millenium Acquisitions, LLC,

25   and Timeless Investments, Inc., pursuant to Title III of the Americans with Disabilities Act, 42

26   U.S.C. § 12181 et seq. ("ADA"), the California Unruh Civil Rights Act, Cal. Civ. Code § 51,

27   ("Unruh Act"), and California Health & Safety Code § 19955.  (Doc. Nos. 1, 19.)  In his

28   complaint, plaintiff alleged accessibility violations at an ARCO AM/PM gas station located in

                                             1

Fresno, California.  (*Id.*)

On March 4, 2016, the court granted plaintiff's motion for summary judgment in part. (Doc. No. 61.)  On March 8, 2016, pursuant to the stipulation of the parties, the claims remaining after the granting of partial summary judgment in favor of plaintiff were dismissed and judgment was entered.  (Doc. Nos. 63, 64.)  Thereafter, plaintiff moved for the award of attorneys' fees under the ADA and state law.  (Doc. No. 71.)

<u>ANALYSIS</u>

Plaintiff moves for an award in the amount of $87,777.78, requesting $80,748.50 in attorneys' fees (after voluntarily deducting fees related to a sanctions motion brought against defendant), and $7,029.28 in litigation expenses.  (Doc. No. 71-1 at 15.)

The ADA and the Unruh Act permit a prevailing plaintiff to recover attorneys' fees and costs.[1]  42 U.S.C. § 12205; Cal. Civ. Code § 55.  Fee-shifting statutes such as these "enable private parties to obtain legal help in seeking redress for injuries resulting from actual or threatened violation of specific . . . laws."  *Pennsylvania v. Del. Valley Citizen' Council for Clean Air*, 478 U.S. 546, 565 (1986).  Attorneys' fee awards are calculated through a two-step process known as the "lodestar method."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Van Skike v. Dir., Office of Workers' Comp. Programs*, 557 F.3d 1041, 1048 (9th Cir. 2009) ("The Supreme Court has stated that the lodestar is the 'guiding light' of its fee-shifting jurisprudence, a standard that is the fundamental starting point in determining a reasonable attorney's fee.") (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)); *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 901 (9th Cir. 1995).  In the first step, a court multiplies hours reasonably spent in litigation by a reasonable hourly rate.  *Hensley*, 461 U.S. at 433; *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1146–48

---

[1]  "The ADA gives courts the discretion to award attorney's fees to prevailing parties."  *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).  In contrast, a prevailing plaintiff is entitled to attorneys' fees under the Unruh Act.  Cal. Civ. Code § 52.  Here, it is not contested that plaintiff is entitled to attorneys' fees and costs under both of these provisions, and the court finds such an award to be appropriate.  The only real dispute is whether the amount sought is reasonable.  Therefore, the court will refer primarily to legal standards governing such an award under federal law.

1    (9th Cir. 2001).  The party seeking an award of fees must submit evidence supporting the hours

2    worked and the rates claimed.  *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th

3    Cir. 2000*); see also Hensley*, 461 U.S. at 461.  However, "a district court should exclude from the

4    lodestar amount hours that are not reasonably expended because they are excessive, redundant, or

5    otherwise unnecessary."  *Van Gerwen*, 214 F.3d at 1045 (quoting *Hensley*, 461 U.S. at 434); *see*

6    *also McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009); *Tahara v. Matson*

7    *Terminals, Inc*., 511 F.3d 950, 955 (9th Cir. 2007).  The lodestar amount should also exclude

8    hours that plaintiff spent on unsuccessful claims, if these claims were unrelated to claims plaintiff

9    brought successfully.  *McCown v. City of Fontana*, 565 F.3d 1097, 1103 (9th Cir. 2009);

10    *Schwarz*, 73 F.3d at 901; *see also Hensley*, 461 U.S. at 44 ("[T]he extent of a plaintiff's success is

11    a crucial factor for determining the proper amount of an award of attorney's fees.").

12            In the second step, a court may adjust the lodestar amount "to account for other factors

13    which are not subsumed within it."  *Ferland*, 244 F.3d at 1149 n.4; *see Kerr v. Screen Extras*

14    *Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (listing additional factors district courts may consider

15    in determining fee awards); *see also Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir.

16    2002) (stating that "[t]he court need not consider all . . . factors, but only those called into

17    question by the case at hand and necessary to support the reasonableness of the fee award.")

18    (citation omitted).  Nonetheless, the lodestar amount is presumptively reasonable, and an

19    adjustment should occur only in "rare and exceptional cases, where there is both specific evidence

20    on the record and detailed findings" that the initial amount is unreasonably low or unreasonably

21    high.  *Van Gerwen*, 214 F.3d at 1045 (internal quotations omitted); *Camacho*, 523 F.3d at 982;

22    *see also Hiken v. Dep't of Defense,* 836 F.3d 1037, 1044 (9th Cir. 2016) ("There is a 'strong

23    presumption' that the lodestar figure represents a reasonable award.").

24    **I.      Lodestar calculation**

25            In their opposition to plaintiff's motion for attorneys' fees, defendants contend that

26    plaintiff has incorrectly calculated the lodestar amount.  They make three arguments in this

27    regard: (i) both attorney Tanya Moore's time purportedly expended on this case as well as her

28    hourly rate are excessive; (ii) the time purportedly spent by and hourly rate for paralegals Sacks

3

1   and Law are excessive; (iii) plaintiff is not entitled to the full amount of claimed litigation

2   expenses; and (iv) the award of attorneys' fees should be reduced due to plaintiff's limited

3   success in this litigation.  The court analyzes each of defendants' contentions below.

**A.  Reasonable hourly rates**

5          The court "must determine a reasonable hourly rate to use for attorneys and paralegals in

6   computing the lodestar amount." *Gonzalez v. City of Maywood*, 729 F.3d at 1196, 1205 (9th Cir.

7   2013) (citation omitted).  In assessing applications for attorneys' fees, the reasonable hourly rates

8   are to be calculated according to the prevailing market rates in the relevant legal community.

9   *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir.

10  2011) ("We have held that '[i]n determining a reasonable hourly rate, the district court should be

11  guided by the rate prevailing in the community for similar work performed by attorneys of

12  comparable skill, experience, and reputation.'") (quoting *Chalmers v. City of Los Angeles*, 796

13  F.2d 1205, 1210–11 (9th Cir. 1986)); *Van Skike*, 557 F.3d at 1046.  It is also the general rule that

14  the "relevant legal community" is the forum district, and that the local hourly rates for similar

15  work should normally be employed.  *Gonzalez*, 729 F.3d at 1205; *Prison Legal News v.*

16  *Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010); *Gates v. Deukmejian*, 987 F.2d 1392, 1405

17  (9th Cir. 1992); *Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir. 1991).  The initial burden

18  is on the applicant to produce satisfactory evidence that the requested rate is "in line with those

19  prevailing in the community for similar services by lawyers of reasonably comparable skill,

20  experience and reputation."  *Blum*, 465 U.S. at 895 n.11; *see also Gonzalez*, 729 F.3d at 1206

21  ("[T]he fee applicant has the burden of producing 'satisfactory evidence' that the rates he requests

22  meet these standards."); *Nadarajah v. Holder*, 569 F.3d 906, 916 (9th Cir. 2009); *Camacho*, 523

23  F.3d at 978; *L.H. v. Schwarzenegger*, 645 F. Supp. 2d 888, 893 (E.D. Cal. 2009) ("Finally, a

24  reasonable rate should reflect not only the market rates, but the skill and experience of the

25  prevailing party's counsel.").  "[R]ate determinations in other cases, particularly those setting a

26  rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *Hiken*,

27  836 F.3d at 1044 (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407

28  (9th Cir. 1990); *see also Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 947 (9th Cir. 2007).

1    Plaintiff represents that attorney Moore specializes in representing plaintiffs in disability

2  actions, and has significant expertise litigating ADA actions such as this one.  (Doc. No. 71-2 at

3  2, ¶ 2.)  In her own declaration, attorney Moore states that she has filed and successfully

4  prosecuted nearly 1,000 civil rights actions, and that while her standard billing rate is $400 an

5  hour, she has reduced her rate for this case to $300 an hour.  (*Id.* at 2–3, ¶ 5.)  Plaintiff has not

6  submitted declarations in support of this claimed market rate but instead has chosen to rely

7  primarily on the fact that $300 per hour has been found reasonable for attorney Moore's work in

8  the disability rights actions brought in the Fresno Division of the Eastern District of California

9  which he lists.  (Doc. No. 71-1 at 9.)  As noted, this is satisfactory evidence of the market rate.

10    In opposing the motion for attorneys' fees, defendants argue that a $300 hourly rate is

11  unreasonable with respect to attorney Moore's services and suggests that a $200 hourly rate is

12  more appropriate.  (Doc. No. 74 at 14.)  However, defendants offer no evidence whatsoever in

13  support of their suggestion that $200 an hour is the prevailing market rate, nor do defendants cite

14  any decisions in which the rate they suggest was found to be reasonable.

15    Accordingly, the court now finds—as other judges of this court have previously found—

16  that $300 is a reasonable hourly rate for attorney Moore's work.  *See, e.g.*, *Moore v. Watkins*, No.

17  1:15-cv-00115 JAM-GSA, 2015 WL 5923404, at *5 (E.D. Cal. Oct. 9, 2015); *Kalani v. Nat'l*

18  *Seating and Mobility, Inc.*, No. 2:13-cv-00061 JAM-CKD, 2014 WL 3956669, at *2–3 (E.D. Cal.

19  Aug. 13, 2014); *Gutierrez v. Vantia Props., LLC*, No. 1:13-cv-00642-LJO, 2014 WL 2106570, at

20  *8 (E.D. Cal. May 20, 2014); *Moore v. E-Z-N-Quick*, No. 1:13-cv-01522-LJO-SAB, 2014 WL

21  1665034, at *6 (E.D. Cal. Apr. 24, 2014); *cf. Kalani v. Statewide Petroleum, Inc*., No. 2:13-cv-

22  02287-KJM-AC, 2014 WL 4230920, at *6 (E.D. Cal. Aug. 25, 2014) (fixing attorney Moore's

23  reasonable hourly rate at $250 per hour based upon the evidence presented in that case).

24    With respect to the hourly rate sought for paralegal work performed in connection with

25  this litigation, plaintiff seeks an hourly rate of $115.  Once again, plaintiff relies on prior

26  decisions of judges of this court finding that to be the appropriate market rate for such work.

27  (Doc, No, 71-1 at 9.)  In opposing plaintiff's motion, defendants argue that a $115 hourly

28  paralegal rate is elevated.  (Doc. No. 74 at 15–16.)  In support of this contention, defendants cite

1    various decisions in which judges of this court have determined that in those cases the appropriate

2    hourly rate for paralegals was $75.  *See, e.g.*, *Deocampo v. Potts*, No. 2:06-1283 WBS CMK,

3    2014 WL 788429, at *9 (E.D. Cal. Feb. 25, 2014); *Joe Hand Promotions, Inc. v. Albright*, No.

4    CIV. 2:11-2260 WBS CMK, 2013 WL 4094403, at *3 (E.D. Cal. Aug. 12, 2013).

5           Judges of this court have specifically determined that the reasonable market rate for work

6    performed by paralegals Sacks and Law in other ADA cases is $115 per hour.  *See, e.g.*, *Moore v.*

7    *Watkins*, No. 1:15-cv-00115 JAM-GSA, 2015 WL 5923404, at *5 (E.D. Cal. Oct. 8, 2015);

8    *Gutierrez v. Leng*, No. 1:14-cv-01027-WBS-SKO, 2015 WL 1498813, at *7 (E.D. Cal. Mar. 31,

9    2015); *E-Z-N Quick*, 2014 WL 1665034, at *6; *cf. Kalani*, 2014 WL 4230920, at *6 (finding that

10   a $75 hourly rate was appropriate for work performed by paralegals Sacks and Law).  Those prior

11   determinations are satisfactory evidence of the prevailing market rate.  *See Hiken*, 836 F.3d at

12   1044.  Accordingly, the court determines that the $115 hourly rate for the work of paralegals

13   Sacks and Law to be the prevailing market rate that it will adopt.

14          **B.  Hours reasonably expended**

15          The attorneys' fee applicant also bears the burden of establishing the appropriate number

16   of hours expended.  *Hensley*, 461 U.S. at 437; *see also Carson*, 470 F.3d at 891; *Jadwin v.*

17   *County of Kern*, 767 F. Supp. 2d 1069, 1100 (E.D. Cal. 2011) ("The fee applicant bears the

18   burden of documenting the appropriate hours expended in the litigation and must submit evidence

19   in support of those hours worked.").  The party opposing the fee application has the burden of

20   rebutting that evidence.  *Camacho*, 523 F.3d at 982; *see also Toussaint*, 826 F.2d at 904; *Jadwin*,

21   767 F. Supp. 2d at 1100 ("The party opposing the fee application has a burden of rebuttal that

22   requires submission of evidence to the district court challenging the accuracy and reasonableness

23   of the hours charged or the facts asserted by the prevailing party in its submitted affidavits.").

24          **1.  Attorney Moore's time**

25          As noted above, plaintiff seeks an attorney fee award of $80,748.50.  According to billing

26   records submitted in connection with the motion, this fee request is in part based upon a total of

27   201.7 hours expended on the case by plaintiff's lead counsel, attorney Tanya Moore.  (Doc. No.

28   71-1 at 10).  With respect to the attorney time expended by attorney Moore, the court finds that

while the time claimed in connection with many of the tasks performed is reasonable, some of the attorney time claimed is unreasonable, duplicative, or inadequately documented. Accordingly, and as addressed in more detail below, the court concludes that the number of attorney hours attributable to attorney Moore should be reduced.

In moving for attorneys' fees, plaintiff has presented attorney billing statements documenting the following time spent reviewing communications from the court:

| Date: | Description: | Time Billed: | Time Disallowed: |
|---|---|---|---|
| 1/13/2016 | Reviewed email from Renee, instructions to IM re follow up with FedEx and to MS re response to Renee. | .2 | .2 |
| 12/15/2015 | Reviewed correspondence between Mr. Kharazi's office and court. | .1 | .1 |
| 12/3/2015 | Reviewed Order Vacating 11-18-15 Hearing. | .1 | .1 |
| 11/10/2015 | Communications with the opposing counsel and court regarding PMK deposition being reconvened. | .5 | .5 |
| 11/10/2015 | Reviewed Order Modifying November 9, 2015 Order. | .2 | .2 |
| 11/09/2015 | Email to the court. | .4 | .4 |
| 11/06/2015 | Reviewed Minutes for proceedings before Magistrate Judge Stanley A. Boone. | .1 | .1 |
| 11/05/2015 | Preparation for the informal discovery conference and communications with the court and opposing counsel re same. | .4 | .4 |
| 5/29/2015 | Reviewed the minute order re informal discovery conference. | .1 | .1 |
| 5/27/2015 | Reviewed the minute order. | .1 | .1 |
| 9/9/2014 | Civil new Case Documents, Summons reviewed. Instructions re calendaring, scheduling and | .1 | .1 |

communications with client.

The court finds that the time attributed above to certain tasks is unreasonable.  In particular, the amount of time spent by attorney Moore reviewing the docket, orders, and other documents is unreasonable when considered collectively.  Such entries reflect amounts of time that are either excessive or relate to clerical tasks that should not be billed at an attorney rate.  *See E-Z-N Quick*, 2014 WL 1665034, at *6; *see also Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989); *Sierra Club v. U.S. E.P.A.*, 625 F. Supp. 2d 863, 868 (N.D. Cal. 2007).  The court will therefore reduce attorney Moore's hours billed by 2.3 in this regard.

Additionally, the court finds that some time entries attributable to attorney Moore are duplicative of tasks billed by paralegals.  Specifically, the following entries billed by attorney Moore parallel time also billed by paralegals Sacks and Law, and are deemed by the court to be unnecessarily duplicative :

| Date: | Description: | Time Billed: | Time Disallowed: |
|-------|-------------|--------------|------------------|
| 10/8/2015 | Instructions to MS re research re improper objections and representation of Fabiola Gutierrez. Reviewed research and instructions re preparation for the meet and confer and correspondence to Mr. Kharazi re same. | 1.4 | 1.4 |
| 10/6/2015 | Preparation for medical expert deposition: instructions to MS re correspondence with the expert. Reviewed emails prepared by MS. | .4 | .4 |
| 10/1/2015 | Instructions to paralegal re preparation of the stipulation re discovery deadline extension to accommodate unavailability of Mr. Horn, expert witness identified by Mr. Kharazi. | .4 | .4 |
| 7/13/2015 | Reviewed correspondence from Mr. Kharazi of July 8 | 1.2 | 1.2 |

| | | | | |
|---|---|---|---|---|
| | and prepared a response. Further reviewed emails re deposition dates – no response from Mr. Kharazi found. Instructions to WL re further preparation for depositions. | | | |
| 4/27/2015 | Reviewed/analyzed Defendant's Notice of taking deposition and request for production of documents. Instructions to MS re preparation of the response to both. Reviewed/finalized the draft for service. | | .9 | .9 |
| 1/13/2015 | Reviewed Defendant Timeless Investments, Inc.'s First Set of Requests for Production of Documents, instructions to MS re preparation of Plaintiff's Response, file reviewed to determine what documents are responsive, conference with the client. Finalized the draft prepared by MS. | | 2.1 | 2.1 |

Because the amounts of time attributed to attorney Moore are deemed to be unreasonably duplicative of time billed by the paralegals in this action, the court will reduce attorney Moore's hours billed by an additional 6.4 hours.

Next, the court finds that time billed by attorney Moore in connection with drafting court filings to be unreasonable in some respects given the nature of this action and her experience in litigating ADA actions.  In this regard, attorney Moore states that she spent 1.5 hours on July 8, 2014, and .1 hours on August 22, 2014 preparing and reviewing the complaint filed in this action. (Doc. No. 71-3 at 22.)  However, according to her own declaration, attorney Moore has filed nearly 1,000 actions in similar civil rights cases.  (Doc. No. 71-2 at 2.)  The complaint in this case contains largely boilerplate language that attorney Moore has used in complaints filed in other cases. *See, e.g.*, Complaint, *Moore v. Watkins*, No. 1:15-cv-00115 JAM-GSA, 2015 WL 5923404, at *5 (E.D. Cal. Oct. 9, 2015), Doc. No. 1.  The court finds that the drafting of the complaint in this action should have consumed not more than .5 hours of attorney Moore's time

1    and, therefore, will deduct 1.1 hours from attorney Moore's time as billed.  *See E-Z-N-Quick*,

2    2014 WL 1665034, at *6 (finding "that .5 hours of Ms. Moore's time [was] sufficient to draft the

3    complaint," and not permitting any additional time billed for drafting and review by paralegals).

4          However, the court finds that plaintiff may properly bill for traveling.  Ms. Moore seeks to

5    recover fees for travel time spent on the case, and her billing statement includes the following: 1.2

6    hours on June 9, 2014, inspecting the site in preparation of the complaint, (Doc. No. 71-3 at 21); 1

7    hour on June 5, 2015, 7 hours on September 2, 2015, and 1 hour on September 3, 2015, traveling

8    to confer with the client after a deposition, (*Id.* at 15, 17); 7 hours on October 2, 2015, and 4

9    hours on November 10, 2015, traveling for witness depositions, (*Id.* at 8, 13–14).  Defendants

10   contend that plaintiff is not entitled to bill for travel time, as he should bear the cost of the

11   decision to hire non-local counsel.  (Doc. No. 74 at 13.)  The Ninth Circuit has recognized that

12   district courts may properly allow reasonable travel expenses, however.  *See Lemus v. Burnham*

13   *Painting & Drywall Corp.*, 426 Fed. Appx. 543, 546 (9th Cir. 2011); *Nadarajah v. Holder*, 569

14   F.3d 906, 924 (9th Cir. 2009).  The court thus finds that this time was reasonably expended and

15   will be allowed.

16         Accordingly, the court concludes that the amount of time reasonable expended on this

17   action by attorney Moore to be 191.9 hours—201.7 hours billed minus the court's reductions of

18   9.8 hours.

19              **2.  Paralegal time reasonably spent**

20         As noted, plaintiff also seeks compensation for time billed to paralegals on this case.

21   Specifically, plaintiff seeks compensation for 170.3 hours spent by paralegal Marejka Sacks and

22   20.9 hours spent by paralegal Whitney Law.  (Doc. Nos. 71-1 at 10; 71-2 at 2–3, ¶ 5.)

23         Regarding the number of hours expended by paralegals, the court finds that although the

24   amount of time claimed for certain tasks is reasonable, some of the time billed by paralegals is

25   unreasonable, duplicative, or inadequately documented and should be reduced.  For one, the court

26   finds that time billed to paralegals for assistance with drafting and reviewing certain court

27   submissions is unreasonable.  Plaintiff offers that paralegal Law spent .6 hours on July 28, 2014,

28   preparing the initial complaint, and .7 hours on March 19, 2015, preparing the First Amended

Complaint.  For the reasons stated above, the court finds that all of this time ascribed to paralegal assistance is excessive and will deduct 1.3 hours from paralegal Law's billed time.  *See E-Z-N-Quick*, 2014 WL 1665034, at *6 (finding "that .5 hours of Ms. Moore's time [was] sufficient to draft the complaint," and not permitting any additional time billed for drafting and review by paralegals).

In opposing plaintiff's motion for attorneys' fees, defendants argue that the court should reduce the billed time for paralegal hours due to the clerical nature of certain tasks performed. (Doc. No. 74 at 16.)  The court agrees.  *See Missouri*, 491 U.S. at 288 n.10; *Escobedo v. SJZ Shields, LLC*, No. 1:15-cv-00765-SAB, 2015 WL 6123531, at *8 (E.D. Cal. Oct. 16, 2015).  In this regard, the court finds that the pending application is unreasonable as to the paralegal time billed for performing clerical duties.  Billings that will be rejected for this reason are the following:

| Paralegal: | Date: | Description: | Time Billed: | Time Disallowed: |
|---|---|---|---|---|
| Ms. Sacks | 1/18/2016 | Review and assemble documents for MSJ hearing. | .4 | .4 |
| Ms. Sacks | 1/11/2016 | Revise reply; final proofread pending client's declaration. | 1.6 | 1.6 |
| Ms. Sacks | 12/14/2015 | Create Table of Authorities; finalize all documents for filing. | .8 | .8 |
| Ms. Sacks | 11/11/2015 | Review notes provided by Mike Bluhm taken by his father; email to defense counsel. | .1 | .1 |
| Ms. Sacks | 9/29/2015 | Call to Dr. Levin re scheduling depositions; email doctor. | .1 | .1 |
| Ms. Sacks | 9/8/2015 | Put together final expert disclosures with tabs and exhibits. | .6 | .6 |
| Ms. Sacks | 9/2/2015 | Communications with expert doctor; prepare | .2 | .2 |

| | | | | |
|---|---|---|---|---|
| | | fee agreement; email to doctor. | | |
| Ms. Sacks | 6/12/2015 | Participate in telephone conference with Kharazi and Vasquez to meet and confer regarding Defendants' discovery responses; take notes. | .4 | .4 |
| Ms. Sacks | 4/15/2015 | Calendar dates for document production (when objections due). | .2 | .2 |
| Ms. Sacks | 11/26/2014 | Review order continuing MSC; ensure new dates and tasks properly calendared. | .1 | .1 |
| Ms. Law | 11/5/2015 | Review Google maps and save images. | .4 | .4 |
| Ms. Law | 9/1/2015 | Prepare file for depositions. | 1.1 | 1.1 |
| Ms. Law | 4/15/2015 | Review scheduling order and continue calendaring dates. | .4 | .4 |
| Ms. Law | 1/21/2015 | Review scheduling order and calendar initial dates. | .3 | .3 |
| Ms. Law | 11/19/2014 | Email from and to Kharazi's paralegal regarding continuing the scheduling conference. | .1 | .1 |
| Ms. Law | 9/10/2014 | Review order setting MSC and ensure properly calendared. | .1 | .1 |

As a result, the hours billed to paralegal Sacks will be reduced by a total of 4.5 hours, and the hours billed to paralegal Law will be reduced by an additional 2.4 hours. With these reductions, the amount of time reasonably expended by paralegals is determined to be 183.0 hours—165.8 hours by paralegal Sacks and 17.2 hours by paralegal Law.

/////

/////

1        **C. Litigation expenses**

2        Plaintiff also seeks to recover litigation expenses in the amount of $7,029.28.  (Doc. Nos.

3 71-1 at 14; 71-2 at 3–5, ¶¶ 9–16.)

4        In 42 U.S.C. § 12205, Congress authorized a district court, in its discretion, to allow the

5 prevailing party other than the United States to recover a reasonable attorneys' fee, including

6 litigation expenses and costs.  The statutory provisions of the ADA provide direct authority for

7 the award of expert witness fees as litigation expenses under the ADA.  *See Lovell v. Chandler*,

8 303 F.3d 1039, 1058 (9th Cir. 2002).  Unlike a bill of costs, which is processed by the court clerk

9 after filing, a motion for attorneys' fees must be submitted through motion filed with the court.

10 *Pierce v. County of Orange*, 905 F. Supp. 2d 1017, 1046 (C.D. Cal. 2012); *see generally* 28

11 U.S.C. § 1920.

12        Here, plaintiff requests payment of various litigation costs including costs of service, a fee

13 for site inspection of the relevant property, and expert's fees in connection with depositions taken

14 (Doc. No. 71-1 at 14), which are compensable under 42 U.S.C. § 12205 and *Lovell*.

15        In their opposition to the pending motion, defendants argue that such costs should be

16 reduced for four reasons.  First, defendants argue that plaintiff's litigation expenses should not be

17 awarded because they were not included in plaintiff's cost bill.  (Doc. No. 74 at 17.)  Defendants

18 point particularly to services billed by Dr. Levin and Geoshua Levinson; postage and Fed Ex

19 Charges; and LexisNexis charges.  (*Id.* at 16–17.)  Second, defendants contend that plaintiff may

20 not recover litigation costs for postage and Fed Ex charges because "no statutory reference is

21 cited for these charges."  (*Id.*)  Third, defendants argue that the court should not award full costs

22 incurred in connection with two depositions of a Mr. Bluhm, because the second deposition was

23 only made necessary because Mr. Bluhm failed to provide his field notes during his first

24 deposition.  (*Id.*)  Fourth, defendants argue that plaintiff may not claim costs for Mr. Levinson's

25 "pre-filing ADA photographing" services, because these services were performed months after

26 the suit was prepared.  (*Id.* at 17.)  Fifth, defendants argue that plaintiff should not receive the full

27 amount of fees requested for the services of Dr. Levin.  (*Id.* at 16–17.)  In this regard, defendants

28

1   contest plaintiff's alleged $1,325 payment to Dr. Levin for deposition preparation,[2] and note that

2   at his deposition Dr. Levin stated that he had received only $1,200 from plaintiff.  (*Id.* at 16.)

3          In his reply, plaintiff refutes defendants' arguments concerning litigation costs.  First,

4   plaintiff argues that the litigation expenses in this ADA action need not be included in the cost

5   bill, as they are not costs that can be taxed by the clerk of the court.  (Doc. No. 76 at 3.)  Second,

6   plaintiff argues that he may properly recover out-of-pocket expenses such as postage, courier, and

7   electronic research costs as litigation expenses.  (*Id.* at 10–11.)  Third, plaintiff clarifies that he

8   seeking only to recover costs for the first of Mr. Bluhm's two depositions, and that the full

9   amount sought is compensable.  (*Id.* at 11.)  Finally, plaintiff argues that Dr. Levin was indeed

10  paid a total of $1,325 for his deposition preparation, but that he is "willing to waive the [disputed

11  amount,] $62.50.  (*Id.* at 10.)

12         The court finds that the litigation expenses sought by plaintiff in the pending motion are

13  reasonable.  For one, defendants' arguments concerning plaintiff's bill of costs fail to recognize

14  the differences between a bill of costs and a motion for attorneys' fees.  A bill of costs permits

15  parties to recover "costs other than attorney's fees," whereas a motion for attorneys' fees allows

16  parties to recover various nontaxable expenditures, including litigation expenses.  *See* Fed. R.

17  Civ. P. 54(d); *see also* 28 U.S.C. § 1920; Local Rule 242.  Thus, a plaintiff should not include in

18  their bill of costs any fees to be requested in a motion for attorneys' fees.  *See United*

19  *Steelworkers of Am.*, 896 F.2d at 407 (stating that "litigation expenses are reimbursable as part of

20  the attorneys' fee, distinct from the costs already awarded to plaintiffs under 28 U.S.C. § 1920," a

21  statute concerning bills of costs).  Plaintiff's failure to include in his bill of costs various expenses

22  requested through his motion for fees therefore does not require reduction of his attorneys' fees

23  award.

24         Secondly, defendants' arguments concerning plaintiff's postage, courier, and research

25  costs are unpersuasive.  Plaintiffs may recover expenses for postage, courier services, and online

26

27  ───────────────
    [2] In his pending motion for attorneys' fees, plaintiff seeks only half of the $1,325 paid to Dr.
    Levin, indicating that this total amount reflects payment that Dr. Levin rendered for services in
28  connection with two separate cases.

1   research under the ADA.  *See, e.g.*, *Chapman v. Pier 1 Imports, Inc.*, No. CIV. S-04-1339

2   LKK/DAD, 2007 WL 2462084, at *5 (E.D. Cal. Aug. 24, 2007).

3        Third, while defendants claim that Mr. Levinson's alleged "pre-filing ADA

4   photographing" in August 2014 occurred after plaintiff had already prepared this lawsuit, (Doc.

5   No. 74 at 17), plaintiff's complaint in this action was not filed until September 2014, (Doc. No.

6   1).  Defendants have provided no evidence suggesting that expenses related to services provided

7   by Mr. Levinson were not properly incurred as litigation expenses in connection with this action.

8   Accordingly, the court finds that plaintiff is entitled to recoup the cost of Mr. Levinson's services.

9        Finally, because plaintiff voluntarily accepts a reduction of $62.50 in the fee charged for

10  Dr. Levin's services, the court need not address defendants' arguments concerning Dr. Levin's

11  testimony and the costs associated therewith.

12       Accordingly, plaintiff is entitled to an award of $6,966.78 in litigation expenses,

13  representing plaintiff's requested $7,029.28 minus plaintiff's voluntary $62.50 reduction.

14       **D.  Plaintiff's success**

15       Defendants argue that the lodestar figure should also be reduced because plaintiff did not

16  succeed in all claims.  (Doc. No. 74 at 6, 14.)

17       In determining the lodestar figure, courts must consider the "results obtained" in the

18  litigation.  *Hensley,* 461 U.S. at 44 ("[T]he extent of a plaintiff's success is a crucial factor for

19  determining the proper amount of an award of attorney's fees under 42 U.S. § 1988."); *A.D.,* 712

20  F.3d at 460; *Schwarz*, 73 F.3d at 901–02 (noting that "if only partial or limited success was

21  obtained, full compensation may be excessive"); *McGinnis v. Kentucky Fried Chicken of Cal.*, 51

22  F.3d 805, 808 (9th Cir. 1994) (observing that a district court "must reduce the attorneys fee award

23  so that it is commensurate with the extent of the plaintiff's success").  In considering this factor,

24  the court must first determine whether "the plaintiff[s] fail[ed] to prevail on claims that were

25  unrelated to the claims on which [they] succeeded [.]"  *Hensley*, 461 F.3d at 434; *see also A.D.*,

26  712 F.3d at 460; *Webb v. Sloan*, 330 F.3d 1158, 1168 (9th Cir. 2003).  "[C]laims are unrelated if

27  the successful and unsuccessful claims are distinctly different both legally and factually; claims

28  are related, however, if they involve a common core of facts or are based on related legal

theories." *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005); *see also Webb* 330 F.3d at 1168.  If the successful claims are unrelated to the unsuccessful claims, "the hours expended on the unsuccessful claims should not be included in the fee award."  *Dang*, 422 F.3d at 813; *see also Schwarz*, 73 F.3d at 904.  In such cases, the court may either identify specific hours that should be eliminated or simply reduce the award to account for the limited success.  *Schwarz*, 73 F.3d at 904; *see also Martinez v. Longs Drug Stores, Inc.*, No. CIVS031843DFLCMK, 2005 WL 3287233, at *3–4 (E.D. Cal. Nov. 28, 2005).  If unsuccessful claims and successful claims are related, however—if they are based on "a common core of facts" or "related legal theories"—then the court focuses on the significance of the overall relief obtained, and "a plaintiff who has won substantial relief should not have . . . attorney's fee[s] reduced."  *Schwarz*, 73 F.3d at 901–02 (citing *Hensley*, 461 U.S. at 435).

It is important to recognize, however, that in determining appropriate attorneys' fees in actions involving only partial success by the prevailing party, the Supreme Court has uniformly rejected application of strict proportionality or simple arithmetic proration.  *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986) ("We reject the proposition that fee awards . . . should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers."); *Hensley*, 461 U.S. at 435 n.11 ("We agree with the District Court's rejection of a mathematical approach comparing the total number of issues in the case with those actually prevailed upon.") (internal quotation marks omitted); *McCown*, 565 F.3d at 1103 ("[T]he Supreme Court has disavowed a test of strict proportionality."); *see also McGinnis*, 51 F.3d at 808 (rejecting arithmetic proration of the lodestar based upon percentage of claims upon which the plaintiff prevailed because that proposition "makes no practical sense"); *Rodgers v. Claim Jumper Rest., LLC*, No. 13-cv-5496 YGR, 2015 WL 1886708, at *11 (N.D. Cal. Apr. 24, 2015) ("[F]ederal courts have uniformly rejected tests involving strict proportionality or simple arithmetic proration.").

Here, the court concludes that some reduction in the attorneys' fee award is appropriate given results obtained by the plaintiff.  In his FAC, plaintiff alleged twenty three independent architectural barriers, including twenty separate violations of the ADA and the Unruh Act, and

three independent violations of the Unruh Act.  (Doc. No. 61 at 24–25.)  Plaintiff ultimately succeeded on sixteen of his twenty ADA claims, and failed to succeed on four claims involving alleged violations of both the ADA and the Unruh Act, as well as on three independent Unruh Act claims.  (Doc. No. 61 at 24–25.)  The seven claims upon which plaintiff was unsuccessful appear to be unrelated to the sixteen claims upon which he succeeded in that each was a distinct alleged violation requiring presentation and consideration of separate evidence.  Therefore, the court concludes that plaintiff's attorneys' fees award must be reduced to reflect his limited, albeit significant, success.

The time records provided by plaintiff are not sufficiently detailed to allow the court to match each entry to plaintiff's corresponding claims.  Consequently, the court elects to reduce the lodestar in a percentage amount corresponding with plaintiff's success.  *See Hensley*, 461 U.S. at 436–37 (recognizing this approach).  Given that some of the requested fees would have been incurred even if plaintiff had brought only the sixteen claims upon which he was ultimately successful, as opposed to the twenty-three brought, the court finds that a 25% reduction of the fee award will appropriately account for plaintiff's degree of success in this action.  *See Rodriguez v. Barrita, Inc.,* 53 F. Supp. 3d 1268, 1290 (N.D. Cal. 2014) (20% reduction from lodestar amount appropriate in light of the limits on plaintiff's success but also the public benefits achieved); *White v. Save Mart Supermarkets*, No. Civ. S 03-2402 MCE KJM, 2005 WL 2675040, at *4 (E.D. Cal. Oct. 20, 2005) (reducing plaintiff's award of attorneys' fees by 20% to account for limited success); *Martinez*, 2005 WL 3287233, at *4 (reducing plaintiff's award of attorneys' fees by 2/3); *Sanford v. GMRI, Inc.*, No. CV.S 04 1535 DFL CMK, 2005 WL 4782697, at *2 (E.D. Cal. Nov. 14, 2005) (reducing plaintiff's award of attorneys' fees by 1/3).

## II.     Further adjustments to the lodestar amount

Defendants contend that plaintiff's attorneys' fees should be reduced even further below the lodestar amount.  They assert three reasons in arguing for a more significant reduction in the award: (i) the lodestar amount is unreasonable in relation to the statutory damages recovered by plaintiff in this case; (ii) Federal Civil Procedure Rule 68 requires a reduction in the lodestar; and (iii) attorneys' fees should be entirely disallowed in this case because the attorney-client

1   relationship between plaintiff and counsel is unconscionable.  The court addresses defendants'

2   arguments below.

3   **A.  Reasonableness in relation to statutory damages**

4   Defendants argue that plaintiff's attorneys' fees should be reduced because they are

5   unreasonable in relation to the $4,000 statutory damages awarded in this action.  (Doc. No. 74 at

6   10.)

7   The court does not find defendants' arguments to be persuasive.  The Supreme Court has

8   expressly rejected the idea that there must be proportionality between attorneys' fees and

9   statutory damages in civil rights cases.  *See City of Riverside*, 477 U.S. at 578; *see also Crandall*

10  *v. Starbucks Corp.*, Case No. 5:14-cv-05316-HRL, 2016 WL 2996935, at *5 (N.D. Cal. May 5,

11  2016) (rejecting this same argument for a reduction from the lodestar in an ADA case involving

12  the award of $4,000 in statutory damages); *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1077 (N.D.

13  Cal. 2010) (recognizing that "damages are not considered the primary purpose of . . . laws

14  protecting physically disabled persons" and that "[i]f fees were limited by the amount of

15  damages, no matter how meritorious the clients' claims might be, attorneys simply would not take

16  these cases.").  Furthermore, "it is inappropriate for a district court to reduce a fee award below

17  the lodestar simply because the damages obtained are small."  *Johnson v. Allied Trailer Supply*,

18  No. 2:13-1544-WBS EFB, 2014 WL 1334006, at *6 (E.D. Cal. Apr. 3, 2014) (citing *Quesada v.*

19  *Thompson*, 850 F.2d 537, 540 (9th Cir. 1988)); *see also Fair Hous. of Marin v. Combs*, 285 F.3d

20  899, 908 (9th Cir. 2002).

21  The court therefore declines to reduce plaintiff's attorneys' fee award based on the amount

22  of statutory damages awarded.

23  **B.  Rule 68**

24  Defendants also contend that attorneys' fees incurred after defendants' March 2015

25  settlement offer should be barred by Federal Rule of Civil Procedure 68's cost-shifting provision.

26  (Doc. No. 74 at 6.)

27  /////

28  /////

18

Rule 68 provides that if the judgment finally obtained is less favorable than an earlier settlement offer, the offeree must pay the costs incurred after the making of the offer.  Fed. R. Civ. P. 68.  However, under the plain language of Rule 68, costs are only shifted when the statute authorizing the collection of fees defines those fees as an item of costs, such as with 42 U.S.C. §§ 1983 and 1988.  *Marek v. Chesney*, 473 U.S. 1, 9 (1985).[3]  The ADA provides that a prevailing party may be awarded a "reasonable attorney's fee, including litigation expenses and costs."  42 U.S.C. § 12205; *see also White v. Sutherland*, No. CIV S-03-2080 CMK, 2005 WL 1366487, at *1 (E.D. Cal. May 6, 2005).  This provision does not define costs to include attorneys' fees.  *Deanda v. Sav. Inv., Inc.*, 267 Fed. Appx. 675, 677 (9th Cir. 2008)[4]; *Kalani*, 2014 WL 4230920, at *4.  Accordingly, Rule 68's cost-shifting analysis does not impact plaintiff's fee request in this ADA action.  *See Deanda*, 267 Fed. Appx. at 677 (also declining to apply Rule 68's cost-shifting analysis to ADA plaintiff's fee request); *Kalani*, 2014 WL 4230920, at *4.

### C.  Public policy

Finally, defendants contend that plaintiff is not entitled to attorneys' fees because the fee agreement between plaintiff and his counsel is unconscionable.  In particular, they argue that the fee agreement does not permit plaintiff to share in attorneys' fees, and that it involves an unconscionable contingency fee arrangement.  (Doc. No. 74 at 8–9.)  However, California law

---

[3]  Moreover, even were this not an ADA action, the Ninth Circuit has recognized in civil rights actions that "[b]ecause successful plaintiffs are entitled to attorney's fees under section 1988, we must consider the amount of attorney's fees accrued at the time of the offer when deciding whether the plaintiffs improved their positions by going to trial."  *Corder v. Gates*, 947 F.2d 374, 380 n.9 (9th Cir. 1991); *see also Marek v. Chesny*, 473 U.S. 1, 6–7 (1985) (explaining that Rule 68 should be interpreted to provide for a lump sum offer that would, if accepted, represent the defendant's total liability including costs and, where appropriate, attorney's fees); *Barrios v. Diamond Contract Servs., Inc.*, 461 Fed. Appx. 571, 573 (9th Cir. 2011) ("The district court should have compared the offer of judgment to the jury verdict plus Barrios's reasonable attorney's fees and costs incurred at the time the Rule 68 offer was made."); *Sanders v. Roe*, No. CV 01–10509 CJC (MLGx), 2007 WL 2258287, at *1 (C.D. Cal. Apr.1, 2007) ("However, in order to compare the amount of recovery to the amount of any offer, the Court must also consider the pre-offer costs accrued by the plaintiff.").  Application of these principles in this case would also lead to the conclusion that defendants' Rule 68 offer of $4,001 has no impact on the court's consideration of the pending motion for attorneys' fees and litigation expenses.

[4]  Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

prohibits the sharing of legal fees with a person who is not a lawyer, and defendants have provided no evidence of an unconscionable contingency fee agreement in this case.  Defendants' argument in this regard is therefore rejected and the court will not reduce plaintiff's fee award on this ground.  *See Gomez v. H&R Gunlund Ranches, Inc.*, No. CV F 10-1163 LJO MJS, 2010 WL 5232973, at *9 (E.D. Cal. Dec. 16, 2010) (noting that the California Rules of Professional conduct prohibit fee sharing with non-lawyers).

CONCLUSION

Accordingly, the court finds that plaintiff is entitled to recover a reasonable attorneys' fee. Based on the foregoing, the court awards plaintiff $58,961.25 in attorneys' fees, calculated as follows:

| Attorneys/Paralegals: | Hours: | Rate: | Total: |
|---|---|---|---|
| Attorney Moore | 191.9 | $300 | $57,570.00 |
| Paralegal Sacks | 165.8 | $115 | $19,067.00 |
| Paralegal Law | 17.2 | $115 | $1,978.00 |
| Sub-total | | | $78, 615.00 |
| Award with 25% Reduction/Neg. Mult. (3/4) | | | $58,961.25 |

In addition, the court awards plaintiff $6,966.78 in litigation expenses, representing the amount that plaintiff originally requested less the $62.50 reduction agreed to by plaintiff.

Accordingly, in total, the court awards plaintiff $65,928.03 in attorneys' fees and litigation expenses.

IT IS SO ORDERED.

Dated:   **March 21, 2017**

_____
UNITED STATES DISTRICT JUDGE